**359 A.2d 697.**

David Young *vs.* Joshua Park *et al.*

JUNE 28, 1976.

Present: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an appeal from a Superior Court judgment granting the motions of five defendants, whom the plaintiff had sought to include in his action against Dr. Joshua Park, requesting a dismissal of the complaint against them for failure to state a claim upon which relief can be granted under Super. R. Civ. P. 12(b)(6). The five defendants were added by means of amendments to the plaintiff's original complaint and it was their contention that such action was barred by the statute of limitations. The Superior Court justice agreed and it is from her judgment granting the motions that the plaintiff now appeals.

David Young is a toolmaker who alleges that he was exposed to toxic chemical fumes, which he believes to have been those of carbon tetrachloride, in the course of his employment at the C. O. Hoffacker Company (Hoffacker). He claims to have become ill as a result of this exposure and states that his illness was deliberately misdiagnosed, by the several physicians named herein, as part of a conspiracy — which also involved the legal profession — to conceal the true nature of his illness in order to protect Hoffacker and prevent his taking action against the company.

The plaintiff became ill in 1962. He then consulted with two of the physician defendants, Drs. Fischer and Grzebien. Young was treated for some time with what he alleges was little beneficial result and was eventually placed in the care of Dr. Park, the "shop doctor," at the instigation of the Hoffacker employment manager. Young was treated by Park from January to June 1965 and in July was hospitalized for treatment of anemia and secondary bone marrow suppression, allegedly the result of drugs prescribed by Park. At this point the third of the later-

added physician defendants, Dr. Osenkowski, was called in as a consultant and he and Park continued to treat plaintiff until September or October 1965, at which time another physician, Dr. Ezra Sharp (not a defendant) took over the case.

In January of 1966, plaintiff Young wrote a lengthy letter to The Rhode Island Medical Society outlining in great detail his charges against Hoffacker and the four physicians named as defendants in this case.[1] That letter was sent to both the American Medical Association and The Rhode Island Medical Society and is included in the voluminous record of this case as plaintiff's Exhibit No. 1.

Subsequent to these medical developments, in April of 1967, plaintiff filed suit against Dr. Park for malpractice and shortly thereafter filed a petition against Hoffacker in the Workmen's Compensation Commission. Two more petitions were eventually filed and, according to plaintiff's brief, the claim in the third and last petition was settled by the insurance companies representing Hoffacker before it was heard by the full commission. The plaintiff was assisted by a series of lawyers in these matters, most of whom, he now alleges, were involved in the medical conspiracy to protect Hoffacker, although none are named here as defendants.

The merits of plaintiff's case are not before the court at this time. It is his attempt to join Drs. Grzebien, Fischer and Osenkowski, and Hoffacker and Elmwood Medical Laboratory, Inc., to his suit against Dr. Park that concerns us here. For the reasons we now state, we find that the complaint against the later-added de-

---

[1]The plaintiff's allegations that defendant, Elmwood Medical Laboratory, Inc., had forged certain test results were originally made to Dr. Sharp in November 1966 according to plaintiff's deposition.

fendants was properly dismissed as barred by the statute of limitations under Super. R. Civ. P. 12(b)(6).[2]

At the time plaintiff initiated his suit against Dr. Park, the applicable statute of limitations in personal injury cases permitted actions to be brought "within two (2) years next after the cause of action shall accrue * * *." General Laws (1969 Reenactment) §9-1-14 (subsequently amended to three years, P. L. 1971, ch. 200, §1). The running of this statute, and other statutory limitations, may be tolled while a person is under the legal disability caused by unsound mind, imprisonment, absence from the country, or being under the age of majority (section 9-1-19); or while a party neither knew nor should have known that he has a cause of action either because the injury has not manifested itself, in a medical malpractice situation, *Wilkinson* v. *Harrington*, 104 R. I. 224, 243 A.2d 745 (1968), or because the cause of action has been fraudulently concealed by the person liable on the action. Section 9-1-20.

It is clear from the face of the fourth amended complaint that none of the alleged acts or omissions of the later-added defendants took place within any of the statutory limitations. The events complained of took place between September 1962, when plaintiff first fell ill, and September 1965 when he was discharged from the hospital as Dr. Osenkowski's patient and his case was taken over

---

[2]The plaintiff did not raise the issue of Super. R. Civ. P. 15(c) which permits the relating back of an amendment changing or adding a party to the original action under certain circumstances but he could, in any case, have taken no comfort therein since there is no evidence in the record that his later-added defendants had notice of the original suit against Dr. Park nor that his failure to bring timely action against them was the result of "mistake" on his part that he knew or should have known about — two conditions precedent to invocation of Rule 15(c). *Dalessio* v. *B. T. Equipment Co.*, 114 R. I. 524, 336 A.2d 563 (1975); *Strasmich* v. *Cuculo*, 110 R. I. 460, 293 A.2d 509 (1972).

by another physician. The suit against Dr. Park was brought in April of 1967, within the statutory time limit in personal injury cases, but it was not until February 16, 1973, that the first of the amended complaints against the other defendants was filed — more than seven years after the latest date on which it could possibly be said that the cause of action accrued and well beyond even the general six-year statute of limitations set forth in §9-1-13.

It is equally clear that as of January 1, 1966, plaintiff was fully aware of his alleged injuries and the alleged efforts of defendants to conceal the fact that the injuries were the product of "toxic poisoning" by chemicals at the Hoffacker plant. The plaintiff's letter to The Rhode Island Medical Society substantiates this knowledge and, together with the fact that he was not suffering from any of the statutory disabilities, precludes his reliance on either §§9-1-19 or 9-1-20 to toll the running of the statute.

The plaintiff argues, however, that this court should create a new exception to toll the running of the statute based on his "de facto" disability to bring suit because of the alleged medico-legal conspiracy to protect Hoffacker. He further argues that to apply the statute of limitations in the present circumstances would deny him the right to trial by jury guaranteed by the fourteenth amendment to the United States Constitution and article I, §§5 and 15 of the Rhode Island Constitution.

The plaintiff's argument that we should now add a new disability, based on a theory of conspiracy to thwart litigation, to the historic categories of insanity, imprisonment, minority or absence from the country,[3] is not persuasive and

---

[3]"The term 'legal disability' has had a fixed and well-defined meaning since provision for relief therefrom was first made in 1623 in the Statute of 21 Jac. I, c. 16." *Marcos* v. *United States,* 106 F. Supp. 172, 175 (U. S. Court of Claims, 1952), overruled on other grounds, 145 F. Supp. 935

could not, in any event, avail him of the relief he seeks. The record indicates that, far from being thwarted, he was able successfully to prosecute a Workmen's Compensation claim against Hoffacker to the point of settlement, to bring a malpractice suit against the Hoffacker shop doctor, and to prosecute the present appeal with regard to defendants he now seeks to add to the original malpractice action.

It is undeniable that application of the statute of limitations in the present circumstances will deprive plaintiff of a trial by jury against the later-added defendants.

> "Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson* v. *Railway Express Agency*, 421 U.S. 454, 463-64, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295, 303 (1975).

But as the United States Supreme Court said many years ago "Statutes of limitation are vital to the welfare of society and are favored in the law." *Wood* v. *Carpenter*, 101 U.S. 135, 139 (1879). We therefore, cannot agree with plaintiff's contention that the statutory prohibition of his ability to maintain this action would result in an unconstitutional deprivation of his rights.

It should be noted that although the statute of limitations is designated as an affirmative defense in Super. R. Civ. P. 8(c), as it is under the federal rules, modern practice permits it to be raised by a motion to dismiss under Super. R. Civ. P. 12(b)(6) where, as here, the defect appears on the face of the complaint. *Tasby* v.

---

(U. S. Court of Claims 1956). In this context it refers specifically to these four categories, now codified in G. L. 1956 (1969 Reenactment) §9-1-19.

*Peek,* 396 F.Supp. 952 (W.D. Ark. 1975). *See also* 1 Kent, *R. I. Civ. Prac.* §12.10 at 116 (1969).

In another case decided under the federal rules the court stated:

> " * * * the inclusion of dates in the complaint showing the action to be untimely renders the complaint subject to dismissal upon motion, see Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954) cert. denied 348 U. S. 920, 75 S.Ct. 306, 99 L.Ed. 721 (1955); *see generally* 5 Wright and Miller Federal Practice and Procedure §§1226, 1357 (1969) * * *." *Wilburn* v. *Pepsi-Cola Bottling Co.,* 492 F.2d 1288, 1289 (8th Cir. 1974).[4]

As can be seen from the face of the fourth amended complaint, and the dates included therein, the statute of limitations is a bar to any proceedings by the plaintiff against the five later-added defendants, the running of the statute not being tolled by any recognized exception or disability. The defense was properly raised by a motion to dismiss for failure to state a claim upon which relief can be granted under Super. R. Civ. P. 12(b)(6) and the judgment appealed from is hereby affirmed.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to Superior Court.

*Ernest Barone,* for plaintiff.

*Roberts & Willey Incorporated, David W. Carroll; Taft & McSally, Richard DelSesto; Higgins, Cavanagh & Cooney, Kenneth P. Borden; Quinn, Cuzzone & Geremia, John F. Cuzzone, Jr.; Hinckley, Allen, Salisbury & Parsons, Michael DeFanti,* for defendants.

---

[4]As we stated after the new rules of civil procedure were adopted in this state: "* * * we apply the guides established in the federal courts for the construction of their rules upon which ours have been modeled." *Bragg* v. *Warwick Shoppers World, Inc.,* 102 R. I. 8, 11, 227 A.2d 582, 584 (1967); *see also Nocera* v. *Lembo,* 111 R. I. 17, 298 A.2d 800 (1973).