**ASSOCIATED BONDED CONSTRUCTION COMPANY**

v.

**GRIFFIN CORP. et al.**

**No. 79–280–Appeal.**

Supreme Court of Rhode Island.

Dec. 31, 1981.

Tobin & Silverstein, Robert S. Bruzzi, Providence, for plaintiff.

Schechter, Abrams & Verri, Robert P. Verri, Providence, for defendants.

## OPINION

SHEA, Justice.

The plaintiff, Associated Bonded Construction Co. (Associated), appeals from an order of the Superior Court compelling arbitration of a contract dispute between Associated and the defendants, Griffin Corp. (Griffin) and American Employers' Insurance Co. (American). We reverse.

Associated and Griffin were parties to a subcontract entered into on March 3, 1976, concerning the construction of a United States postal facility in East Greenwich. American is the surety on Griffin's performance bond. The contract between Associated and Griffin, the subcontractor, is a standard form agreement. Article 14 thereof provides for the arbitration of "[a]ll claims, disputes and other matters in question arising out of, or relating to, this subcontract, or the breach thereof * * *." On the printed form of the agreement, Article 14 is the last article before the testimonium clause and the parties' signatures. However, in the space between Article 14 and the testimonium clause there appears a typewritten insertion regarding contract amendment or supplementation.

Associated filed its complaint against Griffin and American on November 3, 1976, exactly eight months after the making of the subcontract. Associated alleged that Griffin breached the subcontract and that American failed under its suretyship obligations to reimburse Associated for the losses which Griffin had allegedly caused. Griffin answered the complaint on December 9, 1976. Griffin's "first defense" generally denied several paragraphs of the complaint, admitted others, and averred it was without

sufficient knowledge to answer the remaining paragraphs. Griffin's "second defense" "state[d] affirmatively" that Associated also had breached the subcontract. Griffin then added its counterclaim in which it detailed further breaches allegedly committed by Associated. American filed its answer on December 11, 1976, admitting in part and denying in part the various averments in the complaint. It amended its answer on January 13, 1977, to include a denial of any obligation to pay Associated under the circumstances presented in Associated's complaint. Discovery by the parties followed.

On the day of trial, March 30, 1979, Griffin moved to dismiss the case, asserting that the Superior Court lacked jurisdiction over the matter in view of the fact that the subcontract "contain[ed] a valid and binding arbitration clause." The trial justice granted Griffin's motion, after stating he would treat it as a motion to compel arbitration.

Associated argues on appeal that, for two reasons, Griffin is not entitled to arbitration. It asserts that the typewritten clause appearing in the subcontract between the arbitration and the testimonium clauses renders the arbitration clause technically invalid, under G.L. 1956 (1969 Reenactment) § 10–3–2, as amended by P.L. 1974, ch. 48, § 1. Also, Associated argues that even if the arbitration clause is valid, Griffin waived its right to arbitration both by its delay in asserting the right and by its express refusal to arbitrate. Associated directs us to a letter dated March 9, 1977, and signed by Griffin's attorney. The letter, which was considered by the trial justice, states that Griffin had "no interest" in arbitration. We conclude that Griffin (and American) prejudicially delayed assertion of the right to arbitration and now cannot be entitled to arbitration of this dispute. We need not reach the other issue that Associated presents since our response to this issue will dispose of the entire appeal.

■ First, however, we consider whether or not this appeal is improperly before the court because of the lack of the proper certification that is required by Rule 54(b)

of the Superior Court Rules of Civil Procedure. The rule states:

"(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In the present case the trial justice resolved Associated's claim in the Superior Court by dismissing it and ordering arbitration. However, he did not at the same time address and resolve Griffin's counterclaim, nor did he complete his order with the entry of the Rule 54(b) certification. In *Calore Rigging Corp. v. Sterling Engineering & Construction Co.*, 105 R.I. 150, 250 A.2d 365 (1969), we held that an appeal from a judgment on a counterclaim only, without certification, was improper. Normally, we would remand the case to the Superior Court and direct that it comply with Rule 54(b). However, in view of this court's unanimous view on the merits of this appeal, we will retain the case for decision. Given the precise issue with which we deal on the appeal and the reasons for our ruling, certification under Rule 54(b) would not change our conclusion. Nevertheless, we do not intend to imply any approval of circumvention of Rule 54(b) for any reason. Strict compliance with the procedural rules best accomplishes the needs of an efficient judicial system and makes best use of finite judicial resources. We recognize in the case at bar, however, that we would waste those resources by ordering a remand for certification at this stage of the proceedings when it would have no effect upon the substance of our decision.

■ The dispositive issue is whether Griffin and American must proceed to trial for having waived their right to arbitrate their differences with Associated. We conclude that both defendants waived their

respective rights to arbitration by failing to comply with our procedural rules concerning pleadings.

 Arbitration is an affirmative defense, and as such a defending party using it must specifically plead it in the answer or that defense is waived. Rule 8(c) of Super. R.Civ.P. states in part:

"(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * arbitration and award * * *."[1]

See *Demsey & Associates, Inc. v. S.S. Sea Star*, 461 F.2d 1009 (2d Cir. 1972); *Karno-Smith Co. v. School District of Scranton*, 44 F.Supp. 860 (M.D.Pa.1942).[2] The failure to plead an affirmative defense results in its waiver. *Duquette v. Godbout*, R.I., 416 A.2d 669 (1980).

We hold therefore that a defending party who fails to plead an affirmative defense, thereby waiving it, may not later move to dismiss the opponent's complaint under Super.R.Civ.P. 12, using that waived affirmative defense as a basis for dismissal.

In so holding, we distinguish the present appeal from *Young v. Park*, 116 R.I. 568, 359 A.2d 697 (1976). In *Young*, this court granted the defendants' motion to dismiss the complaint under Rule 12(b)(6) because the plaintiff had failed to include those defendants in his initial complaint within the period of the statute of limitations. The statute of limitations is also an affirmative defense under Rule 8(c). In the *Young* case the defendants failed to plead it in their answers. This court nevertheless sustained their motions to dismiss, recognizing the modern practice of allowing defendants to plead affirmative defenses by way of Rule 12 motions without first pleading them in their answers, but only when the defect appears on the face of the complaint.

In *Young* the obvious defect was the plaintiff's recitation of certain dates that showed the action to be untimely. Id. at 573–74, 359 A.2d at 700. In this case the complaint does not contain a similar facial defect. The matter in contention here cannot be conclusively determined from the facts presented in the complaint itself. Therefore it was improper to raise the arbitration clause as a motion to dismiss for lack of jurisdiction when it had not been raised originally in the answers of either defendant as required by Rule 8(c).

For the foregoing reasons the appeal is sustained, and the order of the Superior Court is reversed. The papers are remanded to the Superior Court for trial.

---

1. There is an apparent conflict between Super. R.Civ.P. 8(c) and G.L. 1956 (1969 Reenactment) § 10–3–3 which would otherwise authorize arbitration where one proceeded with reasonable diligence. The section, originally enacted by P.L. 1929 ch. 1408, § 2 has not been amended since the adoption of the new rules of civil procedure. In our view, Rule 8(c) does not contradict the statutory right. The rule merely

prescribes the proper procedure for utilizing it. Failure to follow the procedure results in waiver of the right.

2. Application of federal case law to analyze and construe our procedural rules is appropriate since the federal rules serve as a model for our own. See *Young v. Park*, 116 R.I. 568, 574 n.4, 359 A.2d 697, 700 n.4 (1976).