**Joseph SOPRANO**

v.

**AMERICAN HARDWARE MUTUAL INSURANCE COMPANY.**

**No. 83–56–Appeal.**

Supreme Court of Rhode Island.

April 30, 1985.

Reargument Denied May 31, 1985.

Thomas M. Bruzzese, Coffey, McGovern, Noel & Neal Ltd., Providence, for plaintiff.

Harold H. Winsten, Feiner & Winsten, Providence, for defendant.

## OPINION

MURRAY, Justice.

The defendant, American Hardware Mutual Insurance Company (the Company), appeals from an order of the Superior Court denying and dismissing its motion to vacate an arbitrator's award and granting the motion of the appellee, Joseph Soprano (Soprano), to confirm that award. The primary issue on appeal is whether the plaintiff waived his right to seek arbitration. We hold that the plaintiff did waive his arbitration rights, and therefore reverse the Superior Court and vacate the arbitration award.

This matter arose as a result of an automobile accident between plaintiff's vehicle and an uninsured motorist's vehicle on April 9, 1977. On January 11, 1980, Soprano filed a complaint in the Superior Court seeking damages from the company under the uninsured-motorist provision of his insurance contract for injuries allegedly sustained in the accident. The company answered the complaint and filed a third-party complaint against the uninsured motorist, Vartan Bajakian. Discovery by the parties commenced in February 1980.

On June 23, 1981, some eighteen months into the prosecution of his civil action, plaintiff made a demand for arbitration with the American Arbitration Association (AAA), pursuant to the terms of the insurance contract. The plaintiff's arbitration demand sought compensation for the same injuries that were the subject matter of his pending lawsuit against the company. The plaintiff's attorney did not forward a copy of the letter demanding arbitration to defendant's attorney of record in Rhode Island, but claims to have sent a copy to defendant directly. An arbitrator was selected without the participation of defendant's attorney, although such participation would have been proper under the AAA's procedures. The defendant claims that the sole reason for its nonparticipation in the selection process was plaintiff's failure to serve notice on its attorney. An arbitration hearing was scheduled for October 1981; notice of this hearing, in September 1981, was the first word that defendant's attorney received concerning arbitration.

Beginning on September 25, 1981, hearings were commenced in the Superior Court to determine whether the arbitration proceedings or the lawsuit should continue. A Superior Court order was entered denying the company's motion to stay the arbitration proceedings. On February 18, 1982, this court denied the company's peti-

tion for a writ of certiorari to quash that order.[1]

Hearings before the appointed arbitrator were conducted in May and June 1982, and final memoranda were submitted to the arbitrator in September 1982. The arbitrator filed his decision with the AAA on November 1, 1982. The award granted Soprano $50,000 as damages, plus prejudgment interest.[2]

On November 10, 1982, Soprano filed a petition to confirm the arbitrator's award in the Superior Court pursuant to G.L.1956 (1969 Reenactment) § 10–3–11. This petition was not submitted as part of his initial civil action against the company. The company timely filed its objection to the petition, moved to vacate the award, and moved to consolidate Soprano's petition with his earlier lawsuit. On November 24, 1982, the motion to consolidate the actions was granted by the Superior Court, and on December 30, 1982, the Superior Court entered judgment confirming the arbitrator's award. The company filed its appeal to this court on January 18, 1983.

The dispositive issue in this appeal is whether Soprano waived his right to proceed to arbitration by initiating and pursuing a civil action against the company. The Rhode Island Arbitration Act, § 10–3–3, provides for a stay of a civil action pending arbitration as follows:

> "If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending * * * shall, on application of one of the parties, stay the trial of the action until such arbitration has been had * * * providing the applicant for the stay is not in default in proceeding with such arbitration."

This court noted, in *Associated Bonded Construction Co. v. Griffin Corp.*, —— R.I. ——, ——, 438 A.2d 1088, 1091 n. 1 (1981), that § 10–3–3 authorizes a stay for arbitration only where the party requesting the stay proceeds with reasonable diligence. In *Griffin*, we held that arbitration is an affirmative defense and a defending party seeking arbitration must specifically plead the right to arbitrate in its answer or the defense will be deemed waived. *Id.* at ——, 438 A.2d at 1091. The insurer in *Griffin* delayed its application for arbitration until the day of the trial and therefore was found to have waived its right to compel arbitration. *Id.*

In the case at bar, the facts indicate that Soprano did not request arbitration with reasonable diligence. Soprano sought arbitration after filing his complaint and proceeding with discovery. Furthermore, Soprano sought arbitration not by motion under § 10–3–3 within the judicial proceedings he had initiated, but by unilateral action with the AAA. Although Soprano apparently had chosen a judicial forum in which to resolve his claims, he proceeded, without notice to his opponent's attorney or to the court, to seek identical relief in another arena. We find that this conduct only serves to waste judicial resources and to prejudice the party who diligently defends in one forum only to be surprised by an identical action in another. *See Gutor International AG v. Raymond Packer Co.*, 493 F.2d 938 (1st Cir.1974) (arbitration may be waived by conduct of demanding party).

Although § 10–3–3 allows a suit to be stayed pending arbitration "on application of one of the parties," we do not read this section as implying that a plaintiff may pursue an action in Superior Court for a substantial period of time and then

---

1. This court's order denying the company's petition for a prerogative writ of certiorari was not a decision on the merits with regard to the issues involved, including waiver. Rather, it simply reflected our belief that the extraordinary circumstances which justify the issuance of the writ with respect to an interlocutory order had not been shown at that time.

2. Because of our holding in this case, we need not address defendant's argument that the award of prejudgment interest was improper. However, our recent decision in *Paola v. Commercial Union Assurance Companies*, —— R.I. ——, 461 A.2d 935 (1983), specifically allows an arbitrator to award such interest.

later bring the same matter to arbitration. By seeking relief in a judicial forum first, a party is not precluded absolutely from later attempting to settle the suit by other lawful alternatives such as arbitration. Arbitration is a desirable method of dispute resolution that long has been favored by the courts. One of the most significant advantages of arbitration, however, is that it is a relatively prompt means of concluding a dispute. If arbitration is unreasonably delayed while litigation progresses to later stages, then its benefits are diminished materially. Thus, a plaintiff must apply, under § 10–3–3, to stay an action pending arbitration with reasonable diligence after initiating the suit, or that party's contractual right to arbitrate will be waived. Unless both the court and the opposing party are timely apprised of the plaintiff's intention to arbitrate, judicial resources will be expended unnecessarily, and prejudice may inhere to the defendant.

On the facts of this case, we hold that the plaintiff waived his right to compel arbitration by proceeding with an action in Superior Court coupled with an unseasonable delay in requesting a stay of the action pending arbitration. The appeal of American Hardware Mutual Insurance Company is granted. The arbitrator's award is vacated. We remand this case to the Superior Court for further proceedings not inconsistent with this opinion.