505 A.2d 1176 (1986)
Leonard McDONALD
v.
RHODE ISLAND GENERAL COUNCIL on Behalf of PUBLIC SERVICE EMPLOYEES LOCAL UNION NO. 1033 OF the LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO et al.
No. 83-346-Appeal.
Supreme Court of Rhode Island.
March 14, 1986.
Pasco Loffredo, Chaika & Loffredo, Cranston, for plaintiff.
*1177 Richard A. Skolnik Lipsey & Skolnik, Providence, for defendants.

OPINION
WEISBERGER, Justice.
This case comes before us on appeal from a judgment of the Superior Court dismissing the plaintiff's complaint in response to a motion to dismiss filed pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. We reverse the judgment. The facts, insofar as pertinent to this appeal, are as follows.
The plaintiff, Leonard McDonald (McDonald), was employed as a mechanic by the city of Providence (the city) from 1970 through October 2, 1980. On June 19, 1979, McDonald's employment with the city was terminated, to become effective June 25, 1979, because of his "record of sick leave and other [abuses]." On June 28, 1979, McDonald submitted a written grievance to his union, alleging that his termination was in violation of the collective-bargaining agreement then in effect between the union and the city.
McDonald was reinstated to his position [**2] on November 5, 1979, pursuant to a resolution of the grievance reached between the city and the union. As a condition of his reinstatement, McDonald was given probationary status for a twelve-month period. On October 2, 1980, the city terminated McDonald's employment, citing his absence from work for 125 days within the first 11 months of the probationary period.
Following his termination McDonald contacted his shop steward in order to file a grievance in regard to the dismissal. McDonald made additional efforts to contact union representatives between October 2, 1980, and December 1980. A one-count complaint, filed by McDonald on February 18, 1982, alleged that the union, either by failing to file a grievance on his behalf or by refusing to act upon a grievance within the time specified in article XXI of the collective-bargaining agreement,[1] failed to represent him fairly and adequately.
On March 15, 1983, the union filed a motion to dismiss the action on the ground that the complaint was not timely filed. The trial justice, relying on G.L. 1956 (1979 Reenactment) § 28-9-21,[2] determined that a three-month statute of limitations applies to a tort action brought by a union member against his union for failure of the union to represent him fairly. The trial justice granted the union's motion to dismiss.
McDonald was a member of Public Service Employees Local Union No. 1033, a union organized to represent employees of the city of Providence pursuant to § 28-9.4-1.[3] The Rhode Island Legislature *1178 has deemed any municipal labor bargaining unit organized under § 28-9.4-1 to be the "sole and exclusive negotiating or bargaining agent [**4] for all of the municipal employees in such appropriate bargaining unit * * *." Section 28-9.4-4. Consequently, a public employee is precluded from pursuing a grievance on his own behalf. Any such action must, according to statute, be brought by the appropriate bargaining unit, in this case, local union No. 1033, on behalf of the complaining employee. In essence, the Legislature has taken away the right of individual employees to further their interests individually or to organize into smaller units to deal with their employers. Faced with this situation, we recognized in Belanger v. Matteson, 115 R.I. 332, 338, 346 A.2d 124, 129 (1975), cert. denied, 424 U.S. 968, 96 S. Ct. 1466, 47 L. Ed. 2d 736 (1976), "a statutory duty on the part of an exclusive bargaining agent to fairly and adequately represent the interests of all of those for whom it negotiates and contracts * * *." See also Steele v. Louisville & Nashville Railroad Co., 323 U.S. 192, 65 S. Ct. 226, 89 L. Ed. 173 (1944). As a result, Rhode Island now recognizes for members of its municipal unions a tort action against such a union by its members for failure of the union to pursue a grievance claim adequately.
This case presents an issue of first impression to this court  the appropriate statute of limitations to be applied in an action by a union member against a municipal union for failure to pursue a grievance claim fairly and adequately.
Initially, we note that although the statute of limitations is designated as an affirmative defense in Rule 8(c) of the Superior Court Rules of Civil Procedure, modern practice permits it to be raised by a motion to dismiss under Rule 12(b)(6), where the defect appears on the face of the complaint. Young v. Park, 116 R.I. 568, 573, 359 A.2d 697, 700 (1976). See also 1 Kent, R.I. Civ. Prac. § 12.10 at 116 (1969). Therefore, a Rule 12(b)(6) motion is an appropriate vehicle for dismissal when, as here, the accrual of the action is evident from the face of the complaint. However, although the statute-of-limitations issue was properly before the court, we believe the trial justice erred as a matter of law in determining the applicable limitation period. Consequently, the trial justice erroneously granted the union's motion to dismiss.
In ruling on the union's motion to dismiss McDonald's complaint, the trial justice concluded that the [**6] three-month statute of limitations governing actions to vacate, correct, or modify arbitration awards, § 28-9-21, is the appropriate limitations period for unfair-representation actions by a union member against a municipal union. The decision of the trial justice was based in large part on the United States Supreme Court decision of United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S. Ct. 1559, 67 L. Ed. 2d 732 (1981). In United Parcel Service the plaintiff, Mitchell, asked his union to file a grievance against his employer to contest his discharge, pursuant to the existing collective-bargaining agreement. The discharge was upheld at an arbitration hearing. Seventeen months later, Mitchell filed suit in United States District Court, under § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a) (1978), alleging that the union had breached its duty of fair representation and that the employer had violated the collective-bargaining agreement. The District Court applied New York's ninety-day statute of limitations for actions to vacate arbitration awards and granted the defendant's motion for summary judgment on the ground that the action was time barred. [**7] On appeal, the Second Circuit reversed, holding that the District Court should have applied New York's six-year statute of limitations for breach-of-contract actions. *1179 United Parcel Service, Inc., 451 U.S. at 58-60, 101 S.Ct. at 1561-62, 67 L.Ed.2d at 737-38. The Supreme Court reversed, holding that the District Court correctly applied the ninety-day statute of limitations for vacating arbitration awards. Id. at 60-64, 101 S.Ct. at 1562-65, 67 L.Ed.2d at 738-41.
McDonald's action against his union is clearly distinguishable from the situation that Mitchell faced in United Parcel Service. The sole issue before the Court in United Parcel Service was whether the state statute of limitations should apply to an employee's action against his employer under § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a). Further, Mitchell was confronted with a valid and binding arbitration award that eventually became the focus of his complaint. McDonald, on the other hand, had never been given the opportunity to resolve his grievance through the appropriate arbitration channels because of the alleged failure of his union to pursue the proper grievance procedures on his behalf. As a result, McDonald's complaint was directed solely toward his union in its capacity as "exclusive negotiating or bargaining agent for all of the municipal employees in [McDonald's] bargaining unit." Section 28-9.4-4.
In relation to this particular set of circumstances, we note with interest Justice Stevens's concurring and dissenting opinion in United Parcel Service. Justice Stevens agreed with the majority conclusion that the employee's suit against his employer was one to set aside an arbitration award. However, as far as Mitchell's claim against the union was concerned, Justice Stevens wrote:
"Although this claim is closely related to the claim against the employer, the two claims are nonetheless conceptually distinct. The claim against the union may not, in my judgment, be characterized as an action to vacate an arbitration award. The arbitration proceeding did not, and indeed, could not, resolve the employee's claim against the union." United Parcel Service, Inc., 451 U.S. at 72-73, 101 S.Ct. at 1569, 67 L.Ed.2d at 746-47.
Justice Stevens stressed that the fair-representation claim could stand independent of the disposition of the employee's claim against his employer. In essence, Justice Stevens recognized that the fair-representation claim stems from the union's tort-like fiduciary duty to its members.[4] As a result, this claim arises from a different theoretical basis from that on which the employee's work-related claim against his employer would be based.
Other courts, addressing the same issue, have found that an employee's action against his union for breach of duty of fair representation is one for tortious injury and accordingly have applied the state limitations period appropriate to a tort action. See, e.g., Hand v. International Chemical Workers Union, 681 F.2d 1308 (11th Cir.1982); De Arroyo v. Sindicato de Trabajadores Packinghouse, AFL-CIO, 425 F.2d 281 (1st Cir.), cert. denied, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970); Coleman v. The Kroger Co., 399 F. Supp. 724 (W.D. Va. 1975); Tuma v. American Can Co., 367 F. Supp. 1178 (D.N.J. 1973). We recognize that the resolutions by various courts of how to classify the unfair-representation claim in order to determine what particular state statute of limitations to apply have been anything but uniform. However, in conformity with our own decision in Belanger v. Matteson, supra, we are persuaded by those decisions that have treated the breach-of-fair-representation claim as an action for tortious injury. Accordingly, we shall now join those jurisdictions in applying to a breach-of-fair-representation claim the limitations period appropriate to a tort action.
Our Legislature has created two distinct limitations periods that could have possible application to the present tort action. General Laws 1956 (1985 Reenactment) § 9-1-13 *1180 is a broad provision that grants a ten-year limitation period in "all civil actions," except as otherwise provided. Section 9-1-14 is a more specific provision that provides for a three-year limitation period for actions involving "injuries to the person." In order to determine the applicable limitations period, we must first characterize the nature of the injury to the union member.
In Commerce Oil Refining Corp. v. Miner, 98 R.I. 14, 20, 199 A.2d 606, 610 (1964), the court broadly defined the "injury to the person" element of § 9-1-14:
"It is then our conclusion that the phrase `injuries to the person' as used in the instant statute [§ 9-1-14] is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law."
McDonald's alleged injury in the present case arose out of his union's breach of its fiduciary duty to him as a union member. We do not presume to hold that the injury McDonald suffered as a result of that breach of fiduciary duty falls squarely within the four corners of the Commerce Oil definition of "injury to the person." However, we are of the opinion that the fiduciary duty flowing from the union to McDonald, and the breach thereof, bears sufficient relationship to the rationale underlying the principles of Commerce Oil to warrant classification of McDonald's injury as an injury to the person. Accordingly, we are of the opinion that actions by a union member against his municipal union for failure to represent fairly and adequately fall within the broad parameters of § 9-1-14,[5] which sets the three-year statute of limitations for actions involving injuries to the person.
The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.
NOTES
[1] Article XXI of the collective-bargaining agreement entitled "Grievance and Arbitration Procedure," provides in pertinent part:

"Step #1. Employees in the first instance may register grievances with the Steward of the Union, who shall present such grievance to the immediate Supervisor and/or Superintendent * * * [who] shall have one (1) working day to adjust the grievance.
"Step #2. In the event the grievance is not satisfactorily adjusted in step #1, the Union shall present such grievance herein with the Director and/or Department Heads, Director of Personnel Bureau and/or the Chief of Police or his designee * * * [who] shall have three (3) working days to adjust the grievance.
"Step #3. If unable to reach a satisfactory adjustment within three (3) working days, the Union shall submit the grievance in writing to the Mayor or the Commissioner of Public Safety, for those affected Employees working under his supervision, within five (5) days, who must then meet or adjust the grievance within five (5) days. A response to the Union by the Mayor or the Commissioner of Public Safety must be in writing within five (5) working days."
[2] General Laws 1956 (1979 Reenactment) § 28-9-21 provides in part, "Notice of a motion to vacate, modify or correct an award must be served upon the adverse party, or his attorney, within three (3) months after the award is filed or delivered * * *."
[3] Local union No. 1033 is not a union governed by the National Labor Relations Act, 29 U.S.C.A. § 151 (1973). The right of public employees to organize was explicitly sanctioned by our Legislature with the enactment of § 28-9.4-1, which provides in part: "It is hereby declared to be the public policy of this state to accord to municipal employees * * * the right to organize, to be represented, to negotiate, and to bargain on a collective basis with municipal employers * * *."
[4] The very language of § 28-9.4-4 implicitly imposes upon a municipal union a fiduciary type of duty to pursue the interests of its members fairly and adequately.
[5] General Laws 1956 (1985 Reenactment) § 9-1-14 provides:

"(a) Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after.
(b) Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."