[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the defendants' motion to dismiss the plaintiff's complaint pursuant to Super Ct. R. Civ. P. 12(b)(1). The defendants also move for a judgment on the pleadings pursuant to Super. Ct. R. Civ. P. 12(c).
On November 8, 1988, plaintiff Lantini entered into an Artist Engagement Contract with defendants (Entertainment Today, Base, Rock). The defendants signed a contract with the plaintiff to perform at a concert scheduled for January 6, 1989, at 8:00 p.m. in Providence, Rhode Island. The plaintiff agreed to pay the defendants $6,600 for the performance.
Due to miscommunication between the parties, Base and Rock did not arrive in Providence on January 6, 1989, until after 11:00 p.m. The performers' late arrival forced the plaintiff to cancel the show.
The plaintiff, on March 20, 1989, filed a complaint against the defendants alleging that the defendants breached the contract and seeking compensatory damages in the sum of $50,000 plus interest and costs as well as punitive damages in the same amount and attorney's fees. The defendants on July 1, 1991, filed a motion to dismiss the plaintiff's case for lack of subject matter jurisdiction.
If the court lacks jurisdiction over the class of cases to which the particular action belongs, it must dismiss the action. Kent, Rhode Island Practice, (1960) at 110. Pursuant to Rule 12(b) lack of subject matter jurisdiction may be raised by motion. Id.
The defendants argue that this Court has no subject matter jurisdiction over this case. They maintain that the contract entered into between the plaintiff and the defendants provides that all contractual disputes shall be settled by arbitration. The pertinent clause of the contract, paragraph number 10, reads as follows:
 Any claim or dispute arising out of or relating to the agreement or the breach thereof shall be settled by arbitration in New York, New York, in accordance with the rules and regulations then obtaining of the American Arbitration Association governing three-member panels.
The defendants further argue that Super. Ct. R. Civ. P. 8(c) allows arbitration and award as an affirmative defense. Defendants cite Associated Bonded Construction Co. v. GriffinCorp., 438 A.2d 1088, 1091 (R.I. 1981), for the proposition that an affirmative defense under rule 8(c) may be addressed by the court on proper motion to dismiss under Super. Ct. R. Civ. P. 12(b)(1).
The Court finds the arbitration clause, paragraph number 10, in the contract to be dispositive. Rhode Island statutory law clearly favors the enforcement of arbitration clauses as a means of settling contractual disputes. R.I. Gen. Laws § 10-3-2 (1985 Reenactment) in pertinent part provides:
 "When clearly written and expressed, a provision in a written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two (2) or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
Rhode Island case law also recognizes arbitration as a valid means of dispute resolution. Suprano v. American Hardware MutualInsurance Co., 491 A.2d 1008 (R.I. 1985) (court held that arbitration is a long-favored means of dispute resolution); Bushv. Nationwide Mutual Insurance Co., 448 A.2d 782, 784 (R.I. 1982) (where parties agree in clear language to settle contractual disputes through arbitrator, court will enforce agreement to arbitrate). As the Court finds the agreed-to arbitration clause to be clearly written, it will uphold its terms.
The Court is not swayed by the plaintiff's contention that the defendants improperly raised their defense. The defendants' motion to dismiss represents their first response to the plaintiff's complaint. Therefore, the motion satisfies the requirement stated in Griffin that an affirmative defense not made in an initial answer may be addressed by the Court on the proper motion to dismiss. 438 A.2d at 1091.
The plaintiff further argues that the defendants are barred from raising the arbitration defense because they have previously pleaded their answer. The Court, however, finds that under the holding of Young v. Park, 116 R.I. 568, 359 A.2d 697 (1976), the defendants' motion to dismiss is proper. The defendants may plead affirmative defenses by way of Rule 12 without first pleading them in their answers when the defect appears on the face of the complaint. Id. at 699. Here, the defect plainly appeared on the plaintiff's complaint. The complaint incorporated a copy of the contract which clearly stated that all contractual disputes would be settled by arbitration. Therefore, any argument made by the plaintiff that the defendants have waived their right to use arbitration as an affirmative defense fails. Thus, dismissal under Rule 12(b)(1) was proper.
Accordingly, the Court grants defendants' motion under Rule 12(b)(1) to dismiss plaintiff's complaint.
Counsel shall prepare an order to reflect the above disposition.