Catharine C. LAGANA

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS— Local 1274.

No. 99–66–Appeal.

Supreme Court of Rhode Island.

March 15, 2001.

Roderick A. Cavanagh, Wakefield, for Plaintiff.

David L. Krech, Lauren E. Jones, Stephen G. Linder, Proidence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

When a private-sector employee sues her union for alleged unfair representation, what statute of limitations applies to the claim? The plaintiff, Catharine C. Lagana (employee), a former employee of Leviton Manufacturing Company (Leviton), appeals from a summary judgment in favor of the defendant, International Brotherhood of Electrical Workers—Local 1274 (union). The employee contends that the motion justice erred in ruling that the federal six-month statute of limitations contained in 29 U.S.C. § 160(b) (1988) barred her unfair representation action.

On appeal, the employee argues that G.L.1956 § 9-1-14 is the appropriate statute of limitations: namely, the same three-year period that this Court applied in *McDonald v. Rhode Island General Council*, 505 A.2d 1176, 1179–80 (R.I.1986). *McDonald* held that § 9-1-14's three-year statute of limitations period applied to an unfair representation action against a municipal union. 505 A.2d at 1180. The employee argues that an action against a union for unfair representation is a separate cause of action under state law that is not precluded or governed by federal law. She points out that this Court in *McDonald* reviewed § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978) (LMRA), and still found that the three-year state statute of limitations applied.

The union, however, interprets our *McDonald* decision differently than the employee does. It argues that *McDonald* is inapplicable because that case involved a municipal employer. The union contends that state and municipal employers are expressly excluded from coverage under the LMRA; therefore, it suggests, the applicable statute of limitations in *McDonald* was three years because the plaintiff there had asserted a state law claim against a governmental employer that was exempt from LMRA coverage. In this case, however, the union points out that no municipal or state-government entities are involved as employers. Thus, it argues, the LMRA covers the private employer to the exclusion of any state-law claims. It also posits that the LMRA preempts any state-law causes of action in this case because of the "hybrid" nature of this claim, one in which the employee brings a cause of action against both the private employer and the union. Also, according to the union, the LMRA preempts any unfair-representation action such as this one that substantially depends upon an analysis of the collective-bargaining agreement.

■ Here, the employee's action against the union stems from a grievance she filed against the employer. Thus, as the union has argued, this case qualifies as a hybrid type of action under § 301 of the LMRA, 29 U.S.C. § 185. And because the employee's grievance necessarily involves interpretation of the collective-bargaining and supplemental agreements, we also agree, as the union argues, that the LMRA has preempted any state-law claim. Hence, the federal six-month statute of limitations applies to bar the employee's action.[1] *See* 29 U.S.C. § 160(b).

■ A private-sector employee's action for unfair representation against his or her union is covered by and subject to federal law. *See* Tracey A. Bateman, Annotation, *What Statute of Limitations Ap-*

---

1. The union additionally contends that we should affirm the motion justice's grant of summary judgment because the employee has not raised any error by the motion justice in granting the summary judgment to the union on the merits of her unfair-representation claim. The employee's prebriefing statement addresses only the statute of limitations issue. The union suggests that, in any event, the motion justice did not err in granting summary judgment on the unfair-representation claim because the employee presented no evidence to demonstrate that the union had acted discriminatorily, arbitrarily, or in bad faith. Given our ruling that the six-month statute of limitations bars this claim, we decline to reach this issue.

plies to *State Law Action by Public Sector Employee for Breach of Union's Duty of Fair Representation,* 12 A.L.R.5th 950, 956–57 (1993). Under federal law, suits by private-sector employees against their unions for alleged unfair representation are governed by a six-month statute of limitations. *Id.* at 957 (citing *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476, 491–92 (1983)); *see also Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367, 1371 (Colo.Ct.App.1989). "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law * * * is pre-empted [pursuant to § 301 of the LMRA] and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410, 418–19 (1988). And a so-called hybrid § 301 action is governed by the six-month statute of limitations if the dispute centers on an analysis of the collective-bargaining agreement. *See Reed v. United Transportation Union,* 488 U.S. 319, 329–30, 109 S.Ct. 621, 628, 102 L.Ed.2d 665, 677 (1989). By contrast, public employees' suits for unfair representation are not covered under federal law because the states and their political subdivisions are exempt from the definition of "employer." *See* Bateman, 12 A.L.R.5th at 957. For such suits by public employees against their unions, state courts generally have looked to state law for the applicable statute of limitations. *See id.*

Our decision in *McDonald* fell within the above-described framework for actions by public employees against their unions. *McDonald,* 505 A.2d at 1179. In *McDonald,* we applied the three-year statute of limitations (under § 9–1–14) for a municipal employee's unfair-representation action against his municipal union. 505 A.2d at 1180. As a municipal employee, the plaintiff in *McDonald* would not have a federal cause of action under the LMRA;

therefore, the six-month federal statute of limitations was inapplicable. *Id.* Also, as we further explained in *Church v. McBurney,* 513 A.2d 22, 25 (R.I.1986), the unfair-representation action in *McDonald* had its origin in the state statutory duty of a municipal union (under G.L.1956 § 28–9.4–1) to provide fair representation. This specific state statute provided a further basis for applying the state statute of limitations because the action in *McDonald* was not based on a contractual duty. *Id.* at 1179.

In this case, we hold that the federal six-month statute of limitations governed the employee's unfair-representation claim because she was a private-sector employee and the dispute concerned an interpretation of the union's collective-bargaining agreement between the union and her former private employer, Leviton. This Court's application of the three-year statute of limitations in *McDonald* was limited to municipal or state employees who bring unfair representation actions against public-employee unions. *Id.* at 1180. Thus, this case fits within the class of cases that are preempted by the LMRA.

For these reasons, we deny the appeal and affirm the Superior Court's judgment for the union.

Chief Justice WILLIAMS did not participate.