CACH, LLC                 :

v.                        :

Brandon Potter.            :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

CACH, LLC                   :

v.                 :

Brandon Potter.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The defendant, Brandon Potter, appeals from a grant of summary judgment in favor of the plaintiff, CACH, LLC (CACH), in this credit card debt collection action.  He contends on appeal that the hearing justice erred in granting CACH's motion for summary judgment.  He further posits that the hearing justice committed error in denying his motion to compel arbitration and his motion to amend his answer.  This case came before the Supreme Court for oral argument on January 25, 2017 pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth below, we affirm the judgment of the Superior Court.

- 1 -

# I

## Facts and Travel

The defendant is in debt in the amount of $10,288.04, plus statutory interest and costs, under a credit card account which he opened and maintained with Bank of America, N.A. At some point, Bank of America assigned the right to collect the debt to CACH. On July 22, 2013, CACH filed a complaint in Superior Court whereby it sought to recover the above-referenced amount. On May 7, 2014, Mr. Potter eventually filed an answer to the complaint.[1] Notably, that answer did not include a demand for arbitration.

Well over a year later, on September 28, 2015, CACH filed a motion for summary judgment. Thereafter, on December 8, 2015, Mr. Potter filed an objection to CACH's motion as well as a motion to compel arbitration and to dismiss the case (or, in the alternative, stay proceedings) pursuant to the arbitration provision of the Cardholder Agreement entered into between Mr. Potter and Bank of America.[2] On January 11, 2016, a hearing was held on CACH's motion for summary judgment. At that hearing, the hearing justice denied Mr. Potter's motion to compel arbitration because he had failed to raise a right to arbitrate as an affirmative defense in his answer. Then, after denying Mr. Potter's request for a continuance, the hearing justice

---

[1]     Mr. Potter's answer was timely. He was initially defaulted for failure to file an answer on September 26, 2013, but that default was vacated on December 16, 2013. He was re-served with the summons and complaint, to which he responded in a timely fashion.

[2]     The Cardholder Agreement provides, in pertinent part, as follows:

> "Any dispute, claim, or controversy * * * by or between you and us (including each other's employees, agents or assigns) arising out of or relating to this Agreement, your Account, or the validity or scope of any provision of this Agreement including this arbitration clause shall, upon election by either you or us, be resolved by binding arbitration. * * * Arbitration may be selected at any time unless a judgment has been rendered or the other party would suffer substantial prejudice by the delay in demanding arbitration."

proceeded to consider CACH's summary judgment motion and Mr. Potter's objection thereto. At the conclusion of the hearing, the justice granted CACH's motion for summary judgment.

On January 14, 2016, Mr. Potter filed a motion to amend his answer so as to include a demand for arbitration as an affirmative defense, and he also filed a motion to reconsider and vacate the Superior Court's grant of CACH's motion for summary judgment. On January 25, 2016, following another hearing, the hearing justice denied Mr. Potter's motions. Orders granting plaintiff's motion for summary judgment and directing the entry of judgment in plaintiff's favor entered the same day. Thereafter, Mr. Potter filed a notice of appeal.

## II

## Analysis

## A

## Mr. Potter's Motion to Compel Arbitration

Mr. Potter contends that the hearing justice erred in denying his motion to compel arbitration and dismiss the case. He posits that the Superior Court lacked subject matter jurisdiction over the action as a result of the arbitration provision in the Cardholder Agreement. As evidence of his intent to arbitrate the dispute, he directs this Court's attention to the fact that he did not "participate in any discovery, file a counterclaim, submit interrogatives [sic], or challenge the plaintiff's standing at any point prior to filing for arbitration * * * ." He adds that he is seeking to enforce the arbitration clause in the Cardholder Agreement in order to obtain relief for violations of the federal Fair Debt Collection Practices Act and the federal Fair Credit Reporting Act.

In denying Mr. Potter's motion to compel arbitration, the hearing justice stated that an assertion that a dispute is subject to arbitration must be affirmatively pled in an answer or a

defendant would run the risk of having it deemed waived; he held that Mr. Potter had failed to raise a demand for arbitration in his answer and that such a demand had, accordingly, been waived. After a thorough review of the record and Mr. Potter's arguments on appeal, we are in complete agreement with the hearing justice.

Initially, we note that our review of a trial court's denial of a motion to compel arbitration is conducted de novo. DeFontes v. Dell, Inc., 984 A.2d 1061, 1066 (R.I. 2009).

Rule 8(c) of the Superior Court Rules of Civil Procedure provides that, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * arbitration and award * * * and any other matter constituting an avoidance or affirmative defense." It has been our consistent holding that arbitration is an affirmative defense and that "a defending party seeking arbitration must specifically plead the right to arbitrate in its answer or the defense will be deemed waived." Soprano v. American Hardware Mutual Insurance Co., 491 A.2d 1008, 1010 (R.I. 1985); see also Associated Bonded Construction Co. v. Griffin Corp., 438 A.2d 1088, 1091 (R.I. 1981). Moreover, we have stated that "a defending party who fails to plead an affirmative defense, thereby waiving it, may not later move to dismiss the opponent's complaint under [Rule 12 of the Superior Court Rules of Civil Procedure], using that waived affirmative defense as a basis for dismissal." Associated Bonded Construction Co., 438 A.2d at 1091. Yet, Mr. Potter sought to do precisely that in the instant case. He failed to raise a demand for arbitration as an affirmative defense in his answer and then some time later moved to compel arbitration and to dismiss CACH's case based on the arbitration provision in the Cardholder Agreement. Accordingly, it is

- 4 -

our judgment that the hearing justice did not err in denying Mr. Potter's motion to compel arbitration.[3]

**B**

**Mr. Potter's Motion to Amend**

Mr. Potter argues that the hearing justice should have granted his motion to amend his answer to add a demand for arbitration as an affirmative defense due to this Court's liberal policy in favor of amendment. He further avers that there would be no prejudice to CACH if he were permitted to amend his answer and that any delay in his moving to amend his answer was not, by itself, sufficient reason to deny his motion.

We accord great deference to the decision by a hearing justice to grant or deny a motion to amend and will not disturb his decision unless he abused his discretion. Lomastro v. Iacovelli, 56 A.3d 92, 94 (R.I. 2012); see also Harodite Industries, Inc. v. Warren Electric Corp., 24 A.3d 514, 529 (R.I. 2011). Rule 15(a) of the Superior Court Rules of Civil Procedure states that "leave [to amend] shall be freely given when justice so requires." It has been our view that that rule allows for amendment "absent a showing of extreme prejudice." Wachsberger v. Pepper, 583 A.2d 77, 78 (R.I. 1990). We apply such a liberal interpretation "in order to facilitate the resolution of disputes on their merits rather than on blind adherence to procedural technicalities." Id. And we have stated that "mere delay is not enough to deny the amendment." Inleasing Corp. v. Jessup, 475 A.2d 989, 992 (R.I. 1984).

In spite of our generally liberal approach to motions to amend, after a thorough review of the record before us, we are unable to perceive any abuse of discretion by the hearing justice in

---

[3] We acknowledge that Mr. Potter is acting pro se. However, "[e]ven if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." Faerber v. Cavanagh, 568 A.2d 326, 330 (R.I. 1990).

- 5 -

the instant case. Mr. Potter filed his motion to amend his answer over a year and a half after he filed his answer. Moreover, in addition to our taking into account the delay of Mr. Potter in filing his motion to amend, it is clear to us that extreme prejudice to CACH would result if amendment were to be permitted at this late date: having filed a complaint in Superior Court in July of 2013 and having subsequently gained relief in Superior Court, CACH would now be forced to start all over again with arbitration. Additionally, we also find the following reasoning in favor of denying Mr. Potter's motion to amend to be the most convincing: if amendment were to be permitted in this case, it would effectively allow Mr. Potter to circumvent our well-established rule that a demand for arbitration is an affirmative defense which must be raised in an answer or run the risk of having it deemed waived. See Associated Bonded Construction Co., 438 A.2d at 1091. Accordingly, we hold that the hearing justice did not abuse his discretion in denying Mr. Potter's motion to amend his answer.

## C

### CACH's Motion for Summary Judgment

Finally, Mr. Potter contends that the hearing justice erred in granting CACH's motion for summary judgment because, in his opinion, there is an issue of fact remaining with respect to whether or not CACH has legal standing to sue and whether or not the evidence submitted in support of CACH's motion for summary judgment was admissible as "a business records exception to hearsay." He adds that he did not formally plead these grounds "in an objection to the motion [for summary judgment] * * * because * * * the arbitration clause [in the Cardholder Agreement] stipulat[ed] that once arbitration was elected, a party waived its right to litigate."

"This Court reviews the grant of summary judgment in a de novo manner." Ferris Avenue Realty, LLC v. Huhtamaki, Inc., 110 A.3d 267, 279 (R.I. 2015); see also DeMarco v.

- 6 -

Travelers Insurance Co., 26 A.3d 585, 605 (R.I. 2011). If, after viewing the evidence in the light most favorable to the nonmoving party, we conclude "that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law," we will affirm the grant of summary judgment. Ferris Avenue Realty, LLC, 110 A.3d at 279 (internal quotation marks omitted). The party opposing "summary judgment has a duty to establish that a genuine issue of material fact exists and may not rest solely upon allegations and denials in the pleadings." Urena v. Theta Products, Inc., 899 A.2d 449, 452 (R.I. 2006).

CACH's motion for summary judgment was accompanied by the affidavit of Angelica Martinez attesting that she was an agent of record of CACH and attesting to the debt owed by Mr. Potter, as well as the fact that CACH had been assigned the credit card account by Bank of America. CACH also attached credit card statements reflecting the balance on Mr. Potter's account.[4] Conversely, as the hearing justice in the instant case noted, Mr. Potter did not produce any evidence or affidavits in opposition to the motion for summary judgment. The hearing justice stated that Mr. Potter "essentially ignored" CACH's motion for summary judgment.

Mr. Potter had a duty to establish that a genuine issue of material fact remained in the case; and, to do so, he was required to rest on more than his pleadings. See Urena, 899 A.2d at 452; see also Brochu v. Santis, 939 A.2d 449, 452 (R.I. 2008). In failing to produce any evidence in opposition to the motion for summary judgment, Mr. Potter failed to comply with the requirements of Rule 56 of the Superior Court Rules of Civil Procedure. Our review of the evidence and the arguments of the parties indicates that there is no issue of material fact

---

[4] We find no merit in Mr. Potter's contention that these documents did not meet the business records exception to the hearsay rule as provided in Rule 803(6) of the Rhode Island Rules of Evidence.

remaining in this case and that CACH is entitled to judgment as a matter of law.  Accordingly, we affirm the judgment of the Superior Court granting CACH's motion for summary judgment.

## III

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**SUPREME COURT – CLERK'S OFFICE**

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | CACH, LLC v. Brandon Potter. |
| **Case Number** | No. 2016-90-Appeal. (KC 13-780) |
| **Date Opinion Filed** | March 3, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Allen P. Rubine |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Meghan Barry, Esq. <br> Lynda L. Laing, Esq. <br><br> For Defendant: <br><br> Brandon Potter, *Pro Se* |