John B. NEWMAN et al.

v.

VALLEYWOOD ASSOCIATES, INC.

No. 2002–674–APPEAL.

Supreme Court of Rhode Island.

June 15, 2005.

Michael Kiselica, Warwick, for plaintiff.

Robert E. Bollengier, Warwick, for defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

WILLIAMS, Chief Justice.

The defendant, Valleywood Associates, Inc. (defendant), appeals the denial of its petition to arbitrate a contractual dispute between it and the plaintiffs, John B. Newman and Linda A. Newman (collectively plaintiffs). A Superior Court motion justice determined that the defendant's motion to arbitrate would be granted only if the defendant released its mechanic's lien on the subject real property within two weeks. For the reasons discussed below, we hold that the motion justice erred in ultimately denying the defendant's motion to arbitrate.

## I

### Facts and Travel

The defendant agreed in 2001 to construct a one-family home for plaintiffs in Lincoln, Rhode Island. The seven-page written and signed agreement included provisions governing both mechanics' liens and binding arbitration.[1] A dispute arose between the parties, which plaintiffs attribute to defendant's "substandard, unsatisfactory, and defective" work.

The defendant filed a notice of intention in accordance with the Rhode Island Mechanics' Lien Law found at G.L.1956 chapter 28 of title 34. The plaintiffs then posted a bond of $58,113 to discharge that lien, which allowed them to close on a home mortgage. Then plaintiffs also filed a complaint against defendant in Superior Court, asserting a host of counts ranging from breach of contact to slander of title.

Based entirely on the binding arbitration provision in the contract, defendant

1. The provision concerning mechanics' liens states:

"As between Contractor [defendant] and Buyer [plaintiff], it is expressly agreed that Contractor shall at no time suffer any mechanic's liens to be placed upon the property arising from Contractor's failure to pay any material, men [sic] or mechanic. Should a mechanic's lien be placed upon the property subsequent to the conveyance to the Buyer and within the prescribed period of time as established by Rhode Island General Laws Title 34 Chapter 28, Contractor agrees to remove the mechanic's liens by paying out of its own funds any sums required to be paid for the removal of the mechanic's liens and further agrees to indemnify and hold the Buyer harmless from any and all mechanic's lien or liens of its subcontractors or claims of its subcontractors as same are filed within the statutory prescribed period of time.

"It is further agreed by and between Contractor and Buyer that Contractor will provide Buyer with release of liens of all subcontractors upon request of Buyer and prior to disbursement being made to Contractor by Buyer."

The provision concerning arbitration states:

"In the event a dispute shall arise between Contractor and Buyer, such that said dispute cannot be resolved mutually between the parties, said dispute shall be submitted to binding arbitration through the American Arbitration Association, Providence office by application made to the Boston District. Both Contractor and Buyer agree for purposes of arbitration that each will pay it's [sic] associated costs of arbitration.

"At such times as the decision is rendered by the arbitrator, the party against whom the decision is entered will bear the responsibility for all costs incurred through arbitration including filing fees with the American Arbitration Association and the arbitrator's fees."

moved to dismiss the complaint, asserting that the court lacked subject-matter jurisdiction, personal jurisdiction, and that venue was improper, under Rules 12(b)(1), (2) and (3) of the Superior Court Rules of Civil Procedure, respectively. The motion justice granted defendant's motion to dismiss upon the condition that defendant release the mechanic's lien within two weeks, otherwise defendant's motion would be denied. When defendant failed to release that lien, the motion justice denied the motion to dismiss. The defendant appeals, asserting that the motion justice's refusal to allow defendant to file a mechanic's lien while arbitrating that dispute constituted reversible error.

## II

## Analysis

## A

### Propriety of the Appeal

 General Laws 1956 § 10–3–19 provides the scope of appellate review of decisions pertaining to arbitration. *Bradford Dyeing Association, Inc. v. J. Stog Tech GmbH*, 765 A.2d 1226, 1233 n. 12 (R.I. 2001). A party may appeal to this Court "upon the entry of any final order provided in § 10–3–3, or an order confirming, modifying or vacating an [arbitration] award." Section 10–3–19.[2] In this case, rather than request a stay of litigation pursuant to § 10–3–3, defendant, in a curious move, fashioned its petition for arbitration in conjunction with a motion to dismiss plaintiffs' complaint. The motion justice's subse-

quent order, however, presented defendant with a Hobson's choice: release the lien and proceed to arbitrate or maintain the lien and waive its right to arbitration. In the context of the strict choice imposed on defendant in this case, we will view the denial of defendant's petition to arbitrate as the equivalent of an order denying a motion to stay litigation under § 10–3–3 and consider the appeal as properly before us pursuant to § 10–3–19.

## B

### Arbitration and Mechanics' Liens

 The primary question presented on appeal is whether defendant may first file a mechanic's lien to protect its interest in allegedly unpaid services and then arbitrate the underlying contractual dispute. Since subject-matter jurisdiction is "an indispensable requisite in any judicial proceeding," we review the question *de novo*. *Zarrella v. Minnesota Mutual Life Insurance Co.*, 824 A.2d 1249, 1256 (R.I.2003).

As a preliminary matter, we note that the contract signed by the parties does not limit the parties' ability to arbitrate a contractual dispute. The contract's broad language stating that disputes "shall be submitted to binding arbitration" comports with the statutory requirement that an arbitration agreement be "clearly written and expressed." Section 10–3–2. The arbitration clause does not expressly provide that defendant would waive its contractual right to arbitration if it filed a mechanic's lien on the property.[3] In fact, the arbitra-

---

**2.** General Laws 1956 § 10–3–19 states:
 "Any party aggrieved by any ruling or order made in any court proceedings as authorized in this chapter may obtain review as in any civil action, and upon the entry of any final order provided in § 10–3–3, or an order confirming, modifying or vacating an award, he or she may appeal to the supreme court as provided for appeals in civil

actions, and the supreme court shall make such orders in the premises as the rights of the parties and the ends of justice require."

**3.** It is important to distinguish between a contractual waiver of the right to arbitrate a dispute, which is discussed above, from a contractual waiver of a right to file a mechanic's lien. General Laws 1956 § 34–28–1(b)

tion clause does not cross-reference the provision pertaining to mechanics' liens. In light of this fact, we must determine whether, as a matter of contract law, defendant waived its right to arbitrate the contractual dispute when it filed a mechanic's lien.

The gravamen of plaintiffs' argument on appeal is that defendant's filing of a mechanic's lien constituted a waiver of any contractual right to arbitrate the dispute because it manifested a willingness to litigate rather than arbitrate. The defendant offers that neither the Arbitration Act nor the Mechanics' Lien Law prevents a party from filing a mechanic's lien and then arbitrating the underlying contractual dispute and, therefore, urges us to read the two statutes *in pari materia*. Since this precise question is an issue of first impression in this jurisdiction, we briefly will review the applicable statutes and caselaw governing both arbitration agreements and mechanics' liens.

■ Chapter 3 of title 10, entitled "The Arbitration Act," states arbitration agreements generally are "valid, irrevocable, and enforceable." Section 10–3–2. In giving force to that legislative mandate, we have declared, "[a]rbitration is a desirable method of dispute resolution that has long been favored by the courts." *Soprano v. American Hardware Mutual Insurance Co.*, 491 A.2d 1008, 1011 (R.I.1985). The statute provides for a stay of litigation while the parties arbitrate their claims. Section 10–3–3. It states:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is

pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration." Section 10–3–3.

This favored method of dispute resolution, however, can be waived when a party "manifest[s] a willingness, if not a desire, to have the courts resolve the controversy." *North Smithfield Teachers Association v. North Smithfield School Committee*, 461 A.2d 930, 934 (R.I.1983). When determining the precise point at which a party has manifested that willingness to litigate, we are mindful that " 'general formulations of what constitutes a waiver in a particular case are of limited usefulness, as the decision normally turns not on some mechanical act but on all of the facts of the case.' " *Id.* at 933.

■ Intended to prevent unjust enrichment, the purpose of the Mechanics' Lien Law is to " 'afford a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches.' " *Gem Plumbing & Heating Co. v. Rossi*, 867 A.2d 796, 803 (R.I.2005). To achieve this end, any contractual agreement barring the filing or enforcement of a mechanic's lien "is against public policy and is void and unenforceable." Section 34–28–1(b). Furthermore, the remedy provided by the Mechanics' Lien Law is not exclusive; "[e]xcept as otherwise specified, nothing in this chapter shall be construed to limit the

expressly prohibits any contractual waiver of a party's right to file a mechanic's lien. There was, however, discussion at the hearing on the motion to dismiss about whether the contract itself precluded defendant's right to

file a mechanic's lien. Since such a ruling would be in clear violation of § 34–28–1, we confine our review to whether filing a mechanic's lien prevents defendant from proceeding to arbitration.

right of any person, whether he or she have [*sic* ] a valid lien hereunder or not, to remedies otherwise available to him or her under law * * *." Section 34–28–33.

A claimant perfects a lien on the property to which he or she has contributed labor or materials by mailing a notice of intention to the property owner and then filing that notice of intention in the land evidence records within 120 days after completing the work. Section 34–28–4(a); *see also Gem Plumbing & Heating Co.,* 867 A.2d at 802–05 (outlining the Mechanics' Lien Law). Beyond providing a procedural mechanism to secure payment for services or materials rendered, multiple sections of the statute require that notice be given to the world of the dispute between the parties: § 34–28–4 requires a claimant to file a notice of intention in the land evidence records of the local municipality; § 34–28–10 further requires the claimant to file a notice of *lis pendens* in the records of land evidence of the local municipality; and § 34–28–14 requires that the petition for a mechanic's lien be published in a local newspaper.

With this understanding of the relevant statutes, the need to read these statutes *in pari materia* becomes readily apparent. First, § 34–28–33, in expressly assuring that a party's rights to other remedies will not be limited by the filing of a mechanic's lien, supports a conclusion that the filing of a mechanic's lien does not waive arbitration. Second, § 10–3–3, in allowing for a stay of a Superior Court action while the matter is referred to arbitration, provides the procedural mechanism that would allow parties to proceed to arbitration while a mechanic's lien has been placed on the property.

The recent case of *Aponik v. Lauricella,* 844 A.2d 698 (R.I.2004), directly refutes plaintiffs' argument that allowing the parties to arbitrate a dispute with a mechanic's lien on the property unjustly transfers jurisdiction over a mechanic's lien action from the Superior Court to the arbitrator, thereby allowing defendant to "have its cake and eat it too." In *Aponik,* a buyer and a contractor voluntarily agreed to arbitrate a dispute after the contractor had filed a mechanic's lien on the property.[4] *Id.* at 701. We held that a prevailing party in an arbitrated mechanic's lien action may not seek costs and attorney's fees, in accordance with § 34–28–19 of the Mechanics' Lien Law, on a motion to enforce the award in the Superior Court, because "[a]ny claim that may have been available to plaintiff under the mechanics' lien statute was available to him under the arbitration process." *Aponik.* 844 A.2d at 706. In stating that an arbitrator can hear all claims provided for under the Mechanics' Lien Law, we already have recognized that these two statutes can function cohesively.

■ We hold that a party does not waive its right to arbitrate a contractual dispute, as a matter of law, by filing a notice of intention to claim a mechanic's lien. Thus, a party may proceed to arbitration after first encumbering the subject real estate with a mechanic's lien.

Any holding to the contrary would frustrate the purposes of both statutes because it would require potential litigants to choose between arbitration and filing a mechanic's lien. Under that view, any arbitration agreement would obstruct the public policy outlined in § 34–28–1, which prohibits a contractual release of the right to file mechanics' liens. Also, under that

---

4. The buyer in that case did not challenge the contractor's right to arbitrate the dispute

while filing a mechanic's lien on the property.

rule of law, any claimant seeking to avail itself of the liberal remedy afforded by the Mechanics' Lien Law would forfeit an often-preferred alternative to litigation. We see no reason to envision the road leading to the resolution of contractual disputes as containing such a pronounced fork.

■ This holding does not contradict our caselaw governing waiver of arbitration. Of all the binding authority to which plaintiffs cite for the proposition that defendant waived its contractual right to arbitration, none addresses the precise question of whether the filing of a notice of intention to claim a mechanic's lien constituted a waiver of arbitration. *Brissette v. Potter,* 560 A.2d 324, 326 (R.I.1989) (holding the right to arbitrate waived by a party who submitted the case to a justice on an agreed statement of facts); *Soprano,* 491 A.2d at 1010–11 (holding the right to arbitrate waived by a party who proceeded with discovery); *North Smithfield Teachers Association,* 461 A.2d at 933 (holding the right to arbitrate waived by a party who engaged in "various judicial proceedings" such as propounding interrogatories); *Associated Bonded Construction Co. v. Griffin Corp.,* 438 A.2d 1088, 1091 (R.I. 1981) (holding the right to arbitrate waived by a party who failed to plead arbitration as an affirmative defense). The plaintiffs argue by analogy that, if the parties in the above cases all manifested a willingness to litigate, then so did defendant by filing a mechanic's lien. We reiterate that a determination of whether a party has waived its contractual right to arbitration is based on " 'all of the facts of the case' " rather than on " 'general formulations of what constitutes a waiver.' " *North Smithfield Teachers Association,* 461 A.2d at 933. In accordance with the need to read these statutes *in pari materia,* we decline plaintiffs' invitation to rule that the filing of a notice of intention to claim a mechanic's lien constitutes a waiver of a party's contractual right to arbitrate the underlying dispute.[5]

Finally, this holding should not be read as prohibiting parties, who agree to arbitrate contractual disputes, from expressly providing that any right to arbitration is waived by the filing of a mechanic's lien, thereby requiring a party to choose one remedy or the other.

### Conclusion

For the foregoing reasons, we reverse the judgment of the Superior Court and remand the case for further proceedings not inconsistent with this opinion. The record shall be returned to the Superior Court.

---

**5.** In light of our recent decision in *Gem Plumbing & Heating Co. v. Rossi,* 867 A.2d 796 (R.I.2005), plaintiffs further contended at oral argument that a property owner's right to challenge a mechanic's lien pursuant to § 34–28–17.1 supports a conclusion that parties should not be allowed to arbitrate mechanic's lien disputes. Because that case is so recent, this issue was not briefed by the parties. We are unconvinced that our holding today offends the due process concerns discussed in *Gem Plumbing & Heating Co.* We also wish to provide some preliminary guidance to the Superior Court as to how it may ensure that a property owner receives a prompt post-deprivation hearing by noting that some other jurisdictions have concluded that a stay of litigation pending arbitration does not prevent the court from holding a prompt post-deprivation "probable cause" hearing, which is far less than a review on the merits, to determine the validity of the lien. *See Caretti, Inc. v. The Colonnade Limited Partnership,* 104 Md.App. 131, 655 A.2d 64, 67 (1995); *see also Lambert v. Superior Court of Marin County,* 228 Cal.App.3d 383, 279 Cal.Rptr. 32, 35 (1991).