## CITY OF NEWPORT, Rhode Island

v.

## LOCAL 1080, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL–CIO.

### No. 2008–293–Appeal.

Supreme Court of Rhode Island.

Oct. 21, 2009.

Christopher J. Behan, Esq., Middletown.

Marc B. Gursky, Esq., Providence.

### ORDER

The defendant, Local No. 1080 International Association of Firefighters AFL–

CIO (Local 1080), appeals from an order granting the plaintiff city of Newport's motion for injunctive relief and denying the defendant's motion to dismiss the plaintiff's complaint for declaratory judgment. After a prebriefing conference, this case was referred to the full Court sitting in conference for possible disposition without further briefing or argument in accordance with Article I, Rule 12A(7)(b) of the Supreme Court Rules of Appellate Procedure. We have considered the arguments made by both parties.

At the center of this controversy is a dispute over changes to the health benefits of a retired firefighter, and whether that dispute should be arbitrated under the terms of the collective bargaining agreement (CBA) between the city and Local 1080. After the defendant filed grievances pursuant to the CBA, the plaintiff filed a complaint seeking (1) a declaratory judgment that the grievance procedure in the CBA does not apply and (2) a preliminary injunction to restrain and enjoin the defendant from pursuing arbitration. The defendant moved to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, and objected to injunctive relief.

During the hearing in Superior Court, the justice made the following comments from the bench:

"I also conclude that the unilateral changes to the retired firefighters' health insurance do not constitute grievances subject to arbitration under the Collective Bargaining Agreement * * * Therefore, the grievances of the retirees here are not arbitrable under the Collective Bargaining Agreement.

" * * *

---

"The complaint is essentially a declaratory judgment action. The Union is acting as a bargaining unit for the firefighters and can bring the grievances on behalf of the retirees to arbitration. The Union, as the collective bargaining unit, has the sole interest in determining the scope of the arbitration provision.

" * * *

"Thus, the Court is compelled to deny the motion to dismiss and concludes that it does have subject matter jurisdiction over the City's declaratory judgment action."

The justice appeared to be ruling in favor of the plaintiff on the declaratory judgment action. However, the order entered merely denies the defendant's motion to dismiss and grants the plaintiff's motion for injunctive relief; there is no specific ruling on the plaintiff's declaratory judgment action.

Because it is not clear if it was the trial justice's decision to grant declaratory relief here, and given that the order entered in the Superior Court does not provide for such relief, we are unable to address the parties' arguments. Accordingly, we remand this case to the Superior Court for entry of a new judgment containing fact findings and conclusions of law that address the relief requested in the complaint for declaratory judgment.