**Supreme Court**

No. 2011-69-M.P.

(NC/08-156)

City of Newport                          :

v.                              :

Local 1080, International Association of          :

Firefighters, AFL-CIO.                    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| City of Newport | : |
| v. | : |
| Local 1080, International Association of | : |
| Firefighters, AFL-CIO. | : |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court**.  Under the terms of a collective-bargaining agreement, the City of Newport (the city) provides health insurance benefits to its retired firefighters.[1]  After the city decided to modify those benefits, Local 1080, International Association of Firefighters, AFL-CIO (the union), filed grievances and sought arbitration.  The city responded by seeking relief in Newport County Superior Court to determine the arbitrability of disputes over changes to these benefits.  The Superior Court determined that this dispute was not arbitrable.  The union disagreed and petitioned this Court for a writ of certiorari.

Having granted the petition, we heard this matter on September 20, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the case at this time without further briefing or argument.  For the reasons set

---

[1] We spell "firefighter" as one word throughout this opinion even though it is sometimes spelled as "fire fighter" in various materials in the record.

forth in this opinion, we affirm the judgment of the Superior Court and quash the writ of certiorari previously issued.

# I

## Facts and Travel

The parties do not dispute the essential facts of this case. The city and the union are parties to a collective-bargaining agreement (CBA) covering the period from July 1, 2002 through June 30, 2005.[2] Among other things, the CBA requires the city to provide health insurance coverage to active firefighters. Article 14 of the CBA specifies the type and extent of the agreed-upon coverage and states that this coverage "shall also be available to retired members of the Newport Fire Department."

On January 14, 2008, the city sent a letter to active and retired firefighters who were covered under the HealthMate plan. In that letter, the city's Human Resources Administrator, Michael J. Coury, outlined certain changes to the health coverage for both active and retired firefighters. In response to this letter, on January 25, 2008, the union filed two grievances that contested the city's decision to change the health coverage it provided to retired firefighters. The first grievance asserted that the city had violated Article 14 of the CBA by unilaterally changing retirees' health benefits. The second grievance asserted that the city had violated Article 14 by requiring Stephen Kirwin, a retired firefighter, to submit copays for his health coverage. The union sought arbitration of these two grievances under Article 18 of the CBA and notified the city of its demand for arbitration on February 26, 2008.

---

[2] The record does not reveal the date on which the city and the union entered into the CBA. Both parties submitted unsigned copies of this agreement in the proceedings before the Superior Court, and the effective date of the contract was not made clear in either party's papers or during the hearing in Superior Court. Because neither party disputes the CBA's validity, the effective date of the CBA need not concern us.

About one month later, on March 26, 2008, the city filed a complaint against the union in Newport County Superior Court seeking declaratory and injunctive relief. Specifically, the city asked the Superior Court to preliminarily enjoin the arbitration and to issue a judgment declaring that the grievances were not arbitrable. The union moved to dismiss the city's complaint on April 15, 2008, arguing that the complaint was untimely under state law; that the city had not joined necessary parties (as required by the Declaratory Judgments Act); and that the grievances were, in fact, arbitrable under the CBA. The city timely objected, reiterating its assertion that the Superior Court had exclusive jurisdiction over the claims contained within the grievances.

The parties appeared before a Superior Court justice on August 8, 2008, for a hearing on their respective requests. After hearing from both parties, the hearing justice rejected the union's arguments and concluded in a bench decision that the grievances were not arbitrable. She also found that retired firefighters were not necessary and indispensable parties to the complaint. Accordingly, in an order entered on September 25, 2008, the hearing justice denied the union's motion to dismiss and granted the city's request for injunctive relief.

The union appealed to this Court on August 20, 2008. In a prebriefing conference held on June 16, 2009, a justice of this Court observed that the language of the Superior Court's order of September 25, 2008, was unclear and suggested that the matter be remanded to the lower court for clarification. On October 21, 2009, we entered an order to that effect. Specifically, our order directed the Superior Court to enter a new judgment that clarified its disposition of the city's request for a declaratory judgment. See City of Newport v. Local 1080, International Association of Firefighters, AFL-CIO, 981 A.2d 1020 (R.I. 2009) (mem.).

Thereafter, the Superior Court issued an amended judgment, which was entered on April 22, 2010. The judgment granted declaratory relief to the city, stating that "[p]ursuant to the

[CBA], a firefighter is 'an active, full-time, permanent, paid firefighter for the [city].'" It further stated that "[r]etired firefighters are not firefighters within the embrace of the CBA and, therefore, their grievances are not arbitrable under the CBA."

On February 23, 2011, the union petitioned this Court for a writ of certiorari to review the Superior Court's amended judgment.[3] We granted the petition on June 20, 2011.

## II

### Issues Presented for Review

The merits of the city's decision to change retired firefighters' health benefits are not at issue here. Rather, we are asked to decide whether the CBA includes an agreement to arbitrate disputes over changes to these benefits. The union asserts that such disputes are arbitrable and also argues that, because retired members of the union were not joined as parties to the action in Superior Court, the hearing justice erred in granting the city declaratory relief. In response, the city contends that neither the CBA nor state law allows arbitration of grievances concerning changes to retired firefighters' healthcare coverage. The city also denies that retired members of the union are necessary parties to this action. This Court will first address whether the trial justice erred in concluding that retired firefighters who would be affected by the city's decision were not necessary and indispensable parties to the complaint.

---

[3] The clerk of the Supreme Court closed the case when it was remanded to Superior Court. The union moved to reopen the case on November 1, 2010. We denied that motion in an order entered on February 11, 2011, but indicated that the union could seek review of the Superior Court's amended judgment by way of a petition for a writ of certiorari.

## III

## Joinder of Necessary Parties

### A

### Standard of Review

Rhode Island's Uniform Declaratory Judgments Act provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." G.L. 1956 § 9-30-11. "[W]ith respect to the ultimate decision by a trial justice to grant or deny declaratory relief, our standard of review is deferential." Grady v. Narragansett Electric Co., 962 A.2d 34, 41 (R.I. 2009). On appeal, therefore, we will leave such a decision undisturbed unless the trial justice clearly abused his or her discretion or committed an error of law. See id. (citing Hagenberg v. Avedisian, 879 A.2d 436, 441 (R.I. 2005)).

### B

### Analysis

In rejecting the union's motion to dismiss the complaint for, among other things, failure to comply with § 9-30-11, the hearing justice determined that "the retirees affected by [the city's] decision * * * are not necessary and indispensable parties to the complaint." She noted that "[t]he [u]nion, as the collective bargaining unit, has the sole interest in determining the scope of the arbitration provision." We agree with the hearing justice's conclusion that retired firefighters were not necessary and indispensable parties to the complaint even though they would be affected by the city's decision to modify their healthcare benefits. We emphasize that, in this action, our review is focused not on the merits of the city's decision to change retired firefighters' health benefits, but on whether disputes over that decision are arbitrable. The CBA

allows only the union itself to submit grievances to arbitration; individual firefighters (let alone retired firefighters) may not do so.[4] Because only the union itself can submit a dispute to arbitration, joinder of individual firefighters was unnecessary. We therefore affirm the hearing justice's conclusion on this issue and now review her ruling as to the arbitrability of the dispute.

## IV

## Arbitrability of the Dispute

## A

## Standard of Review

This Court reviews <u>de novo</u> the legal question of whether a dispute is arbitrable. <u>AVCORR Management, LLC v. Central Falls Detention Facility Corp.</u>, 41 A.3d 1007, 1010 (R.I. 2012) (citing <u>State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers</u>, 866 A.2d 1241, 1247 (R.I. 2005)). Mindful that "[a]rbitration is a matter of contract," we apply "[g]eneral rules of contract construction." <u>Id.</u> (quoting <u>Radiation Oncology Associates, Inc. v. Roger Williams Hospital</u>, 899 A.2d 511, 514 (R.I. 2006)). Since "a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit," the issue of arbitrability "turns upon the parties' intent when they entered into the contract from which the dispute ultimately arose." <u>Id.</u> (quoting <u>Radiation Oncology Associates, Inc.</u>, 899 A.2d at 514).

## B

## Analysis

In the ordinary contract-interpretation case, our starting point would be the contract itself. <u>See</u> <u>Haffenreffer v. Haffenreffer</u>, 994 A.2d 1226, 1238 (R.I. 2010) ("The first step of contract

---

[4] Article 18 of the CBA, entitled "Grievance Procedure and Arbitration," provides that "if <u>Local 1080</u> is not satisfied with the decision [of the City Manager] they may submit the grievance to arbitration * * *." (Emphasis added.)

interpretation is to determine whether the writing is clear or ambiguous."). Here, however, because the CBA is a product of a state statute, we must first examine the contract in light of that legislation. In 1961, the General Assembly enacted the Fire Fighters Arbitration Act (FFAA), G.L. 1956 chapter 9.1 of title 28, as enacted by P.L. 1961, ch. 149, § 1. The statement of policy underlying the FFAA provides as follows: "It is declared to be the public policy of this state to accord to the permanent uniformed members * * * and all employees of any paid fire department in any city or town all of the rights of labor other than the right to strike or engage in any work stoppage or slowdown. To provide for the exercise of these rights, a method of arbitration of disputes is established." Section 28-9.1-2(b). The Legislature established this method of arbitration "to provide some alternative mode of settling disputes where employees must, as a matter of public policy, be denied the usual right to strike." Section 28-9.1-2(c). The FFAA thus embodies a compromise: it takes away from firefighters the right to strike, but gives them an alternative form of dispute resolution through which to resolve disagreements with municipal officials.

The FFAA contains additional provisions that control the relationship between firefighters and municipal officials. Among other things, the statute grants firefighters the right to organize and bargain collectively, obligates municipalities to recognize labor organizations as bargaining agents for firefighters, and requires municipalities to "meet and confer in good faith" with union officials to engage in collective bargaining. See §§ 28-9.1-4; 28-9.1-5; 28-9.1-6. The CBA, then, draws its authority from the FFAA—as do all collective-bargaining agreements between firefighters' unions and Rhode Island municipalities. The statute is thus essential to our analysis in this case.

- 7 -

In Arena v. City of Providence, 919 A.2d 379 (R.I. 2007), we gave further guidance as to how the FFAA affects retired firefighters. In that case, this Court considered, as an issue of first impression, "[w]hat body has jurisdiction to determine the status of [retired firefighters'] legal right to * * * disputed COLA benefit[s]." Id. at 387. We stated that "[t]he ordinary meaning of 'firefighter' and the definition included in the FFAA cannot reasonably be construed to include retirees. * * * Retired firefighters * * * no longer are 'permanent uniformed members' of the fire department." Id. at 389 (quoting § 28-9.1-2(b)). Additionally, we noted that "the sound public policy underlying the FFAA's enactment does not apply to retirees in the same compelling way that it applies to current employees." Id. For these reasons, we held that "the term 'firefighter' in the FFAA does not and cannot include retirees." Id. at 390.[5]

Keeping the FFAA and Arena's holding in mind, we now proceed to examine the CBA to determine whether the parties intended to arbitrate grievances involving disputes over retiree health benefits. Several provisions of the CBA shed light on this analysis. Article 3(j) states that "[w]henever used in this agreement, the terms 'member,' 'employee' or 'fire fighter' shall have the same meaning, which is: active, full-time, permanent, paid fire fighters * * *." Retired firefighters are not included in this definition.

Other provisions that are also helpful to our analysis appear in Article 18, which sets forth a grievance and arbitration procedure for the resolution of certain disputes. Article 18 of the CBA defines a "grievance" as "any violation or breach of this agreement or a violation of a statute, City Charter provision or ordinance applicable to this agreement and appeals from disciplinary action." The next sentence states that "[t]he purpose of the grievance procedure is to

---

[5] We noted in Arena v. City of Providence, 919 A.2d 379, 390 n.11 (R.I. 2007), that "[n]othing [in our decision] precludes retirees from engaging in permissive bargaining with or through their former union and employer." Such bargaining, however, would require the express assent of the retirees, the bargaining agent, and the municipal officials.

settle Firefighter grievances arising as defined above * * * as quickly as possible to assure efficiency and high morale." This sentence is critical to our analysis for two reasons. First, it operates to limit the scope of arbitrable grievances to those involving "Firefighters" as defined in Article 3. Second, it parallels the FFAA's establishment of an arbitration procedure as a method of dispute resolution that minimizes disruption among active employees. See § 28-9.1-2(b).

There is further support in Article 18 for the conclusion that the union may not arbitrate disputes regarding retired firefighters. Article 18 lists certain steps that the union must follow before initiating a grievance. As the first step of that grievance procedure, "[t]he Firefighter or Firefighters involved * * * would meet with the Supervisor, Officers or Deputy Chief, immediately to attempt to resolve the grievance." This provision limits grievances to those involving "Firefighter(s)," which, as noted above, the CBA defines as active, full-time, permanent, paid firefighters. It thus confirms our conclusion that grievances involving retired firefighters are not arbitrable under the CBA.

The union correctly observes that this Court resolves doubts as to the arbitrability of disputes in favor of arbitration. School Committee of North Kingstown v. Crouch, 808 A.2d 1074, 1078 (R.I. 2002) (citing Brown v. Amaral, 460 A.2d 7, 10 (R.I. 1983)). However, this presumption in favor of arbitration applies only when there is uncertainty about the arbitrability of a dispute—it does not operate to steer disputes into arbitration where, as here, the parties have clearly agreed against arbitration. AVCORR Management, LLC, 41 A.3d at 1012 n.11. Because our review of the CBA convinces us that the parties did not intend to arbitrate disputes regarding retiree healthcare, we hold that such disputes must be resolved, if at all, judicially rather than through arbitration. See Rhode Island Court Reporters Alliance v. State, 591 A.2d 376, 377 (R.I. 1991) ("[A] court shall rule in favor of submitting a dispute to arbitration unless the arbitration

clause of the collective-bargaining agreement cannot be interpreted to include the asserted dispute * * *.") (citing United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

## V

## Conclusion

For the reasons set forth in this opinion, we quash the writ of certiorari previously issued and affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court with our decision endorsed thereon.


**TITLE OF CASE:**   City of Newport v. Local 1080, International Association of
                     Firefighters, AFL-CIO.

**CASE NO:**         No. 2011-69-M.P.
                     (NC/08-156)

**COURT:**           Supreme Court

**DATE OPINION FILED:**   November 8, 2012

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**      Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**   Newport County Superior Court

**JUDGE FROM LOWER COURT**:

                     Associate Justice Melanie Wilk Thunberg

**ATTORNEYS ON APPEAL:**

                     For Plaintiff:  Christopher J. Behan, Esq.

                     For Defendant:  Elizabeth A. Wiens, Esq.