April 6, 2023

**Supreme Court**

No. 2021-111-Appeal.
(PC 19-5440)

Michael H. Hayden, D.O., et al.          :

v.                                       :

Integra Community Care Network,          :
          LLC, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michael H. Hayden, D.O., et al.    :

v.             :

Integra Community Care Network,    :
LLC, et al.

Present: Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiffs, Michael H. Hayden, D.O., Gary G. King, D.O., and John M. Corsi, D.O., appeal an order of the Superior Court granting a motion to stay proceedings and compel arbitration brought by the defendant, Rhode Island Primary Care Physicians Corporation (RIPCPC).[1] This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the

---

[1] We note at the outset that we refer to plaintiffs collectively throughout this opinion for the sake of fluidity and because they brought this suit jointly. We are aware, however, that there is some variation amongst each plaintiff's claims, and we differentiate where appropriate.

reasons set forth in this opinion, we affirm in part and vacate in part the order of the Superior Court.

<h1 style="text-align:center">I</h1>

<h2 style="text-align:center">Facts and Travel</h2>

The plaintiffs filed a complaint in Providence County Superior Court on May 7, 2019, alleging counts of breach of contract (counts one and two), unjust enrichment (counts three and four), breach of the implied covenant of good faith and fair dealing (counts five and six), conversion (count seven), and anticipatory breach/repudiation (counts eight and nine) against Integra Community Care Network, LLC (Integra)[2] and RIPCPC. According to plaintiffs' complaint, Integra is an accountable-care organization pursuant to the Medicare Shared Savings Program (the MSSP),[3] and RIPCPC is an independent practice association of physicians located in Rhode Island. Specifically, plaintiffs asserted in their

---

[2] Integra filed a counterstatement pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure indicating that it "has no stake in the outcome of the appeal" and that it "is not a party to the arbitration agreements between [plaintiffs] and RIPCPC[.]" Neither plaintiffs nor RIPCPC dispute Integra's position.

[3] According to plaintiffs' complaint, an accountable-care organization is "an entity that agrees to be held accountable by the Centers for Medicare and Medicaid Services * * * for the quality, cost and experience of an assigned group of Medicare beneficiaries." Additionally, "[t]he MSSP offers health care providers and suppliers (including physicians, hospitals, and others involved in patient care) an opportunity to participate in" accountable-care organizations. RIPCPC does not contest these explanations.

complaint that Integra and RIPCPC owed plaintiffs certain payments and shared savings for 2017 and 2018.

The plaintiffs are "primary care physicians who, up until various points in 2018, operated their own independent practices." Each plaintiff participated in Integra from some time in 2014 or 2015 until various dates in 2018, when plaintiffs terminated their respective agreements upon the sale of their respective independent practices (the Integra agreements).[4] At or about the same time, plaintiffs additionally terminated their relationships with RIPCPC.

At issue in this case are the 2017 and 2018 RIPCPC payments, which plaintiffs allege were "earned, in part, as a result of the efforts of the [p]laintiffs which benefitted RIPCPC." Also at issue are the 2017 and 2018 shared savings, which "were earned by Integra, in part, as a result of the efforts of [p]laintiffs which benefitted Integra." According to plaintiffs, "some and/or all of" plaintiffs' share of the 2017 shared savings were distributed by Integra to RIPCPC.

The plaintiffs alleged that RIPCPC had failed to distribute to them a portion of the 2017 shared savings that Integra had distributed to RIPCPC for plaintiffs' benefit. Dr. Hayden and Dr. Corsi additionally submit that "RIPCPC * * * failed

_____

[4] According to the complaint, Dr. Hayden's participation agreement was signed on or about July 30, 2014; Dr. Corsi's participation agreement was signed on or about July 30, 2014; and Dr. King's participation agreement was signed on or about August 1, 2015. The specific dates of termination of the Integra agreements do not appear in the record, although the complaint alleges that each termination took place at some time in 2018.

to distribute Dr. Hayden's and Dr. Corsi's share of the 2017 RIPCPC [p]ayments to them." The plaintiffs requested damages based on the five substantive counts of the complaint and a declaratory judgment (count ten) to the effect that they were entitled to the 2018 shared savings and the 2018 RIPCPC payments, on a pro rata basis.

Integra filed an answer to plaintiffs' complaint on July 9, 2019. A default was entered against RIPCPC on July 15, 2019. On August 2, 2019, RIPCPC moved to vacate the default, which motion was granted.

RIPCPC thereafter filed a motion to dismiss counts two, four, six, nine, and ten of the complaint, based on Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, to which plaintiffs objected. The hearing justice heard arguments on the motion to dismiss, and then denied defendant's motion as to counts two (breach of contract by RIPCPC), four (unjust enrichment by RIPCPC), and ten (declaratory judgment) of plaintiffs' complaint. The hearing justice granted defendant's motion as to counts six (breach of the implied covenant of good faith and fair dealing by RIPCPC) and nine (anticipatory breach/repudiation by RIPCPC), and "[s]pecifically, but without limitation, [preserved p]laintiffs' right to replead and/or amend" those two counts.

RIPCPC also filed an answer to plaintiffs' complaint, denying the allegations in the counts directed towards it and asserting several affirmative

defenses. Specifically, RIPCPC submitted that the Superior Court lacked jurisdiction over the dispute because plaintiffs had agreed to binding arbitration in their respective agreements with RIPCPC (the RIPCPC agreements). RIPCPC claimed that, because it violated those agreements, the action "should be dismissed and/or stayed pending arbitration."

On January 29, 2020, RIPCPC filed a motion to stay the proceedings and compel arbitration as to plaintiffs' claims against RIPCPC for breach of contract, unjust enrichment, conversion, and declaratory judgment, to which plaintiffs objected. On September 1, 2020, plaintiffs filed a motion to amend their complaint, to which RIPCPC objected. Both motions were heard together before a justice of the Superior Court.

On February 19, 2021, the hearing justice entered an order granting RIPCPC's motion to stay proceedings and compel arbitration. The order additionally held plaintiffs' motion to amend in abeyance. The plaintiffs filed a timely notice of appeal on March 10, 2021.

## II

## Standard of Review

We review a hearing justice's grant of a motion to compel arbitration *de novo*. *See DeFontes v. Dell, Inc.*, 984 A.2d 1061, 1066 (R.I. 2009) ("We review the trial court's denial of a motion to compel arbitration *de novo*."). "[A] duty to

- 5 -

arbitrate a dispute arises only when a party agrees to arbitration in clear and unequivocal language; and, even then, the party is only obligated to arbitrate issues that it explicitly agreed to arbitrate." *Weeks v. 735 Putnam Pike Operations, LLC*, 85 A.3d 1147, 1152 (R.I. 2014) (quoting *State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 866 A.2d 1241, 1247 (R.I. 2005)).

"Because it is a matter of contract, general rules of contract construction apply and the determination of whether the parties agreed to submit a particular dispute to arbitration turns upon the parties' intent when they entered into the contract from which the dispute ultimately arose." *Town of Johnston v. Rhode Island Council 94, AFSCME, Local 1491, by and through Prata*, 159 A.3d 83, 86 (R.I. 2017) (brackets omitted) (quoting *AVCORR Management, LLC v. Central Falls Detention Facility Corp.*, 41 A.3d 1007, 1010 (R.I. 2012)).

### III

### Discussion

On appeal, plaintiffs submit that the hearing justice erred in granting RIPCPC's motion to compel arbitration and stay the proceedings because, according to plaintiffs, they have not agreed to arbitrate the claims. The plaintiffs further argue that the hearing justice's order was in error because, they allege, RIPCPC waived its right to demand arbitration through its actions in this litigation.

We begin by addressing plaintiffs' contention that the hearing justice erred in granting RIPCPC's motion to compel arbitration. Specifically, plaintiffs submit that they did not agree to arbitrate these claims, which they assert "neither arise under nor relate to" the RIPCPC agreements. According to plaintiffs, "the agreements at issue do not control matters related to the RIPCPC [p]ayments." Further, plaintiffs allege that the agreements do not address plaintiffs' "rights to receive" the shared savings, which they claim RIPCPC "converted and/or tortiously interfered with." The plaintiffs argue that the right to receive the shared savings are governed, instead, by the Integra agreements and, thus, plaintiffs are not obligated to arbitrate them.

RIPCPC counters that the claims fall within the "broad scope" of the RIPCPC agreements' arbitration clauses. It submits that, because plaintiffs' "causes of action have their roots in the relationship created by the contracts, the arbitration clauses should be enforced."

Because arbitration is a matter of contract, "[g]eneral rules of contract construction apply[,]" and "whether the parties agreed to submit a particular dispute to arbitration turns upon the parties' intent when they entered into the contract from which the dispute ultimately arose." *Radiation Oncology Associates, Inc. v. Roger Williams Hospital*, 899 A.2d 511, 514 (R.I. 2006). Furthermore, "[w]hen uncertainty exists about whether a dispute is arbitrable, this Court, like the

United States Supreme Court, 'has enunciated a policy in favor of resolving any doubt in favor of arbitration.'" *School Committee of Town of North Kingstown v. Crouch*, 808 A.2d 1074, 1078 (R.I. 2002) (quoting *Brown v. Amaral*, 460 A.2d 7, 10 (R.I. 1983)); *see Granite Rock Co. v. International Brotherhood of Teamsters*, 561 U.S. 287, 298 (2010) ("[T]he 'law's permissive policies in respect to arbitration' counsel that 'any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration.'" (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995))).

In light of the hearing justice's partial grant of RIPCPC's motion to dismiss, only four of plaintiffs' counts against RIPCPC remain:[5] first, Dr. Hayden's claim and Dr. Corsi's claim for breach of contract; second, plaintiffs' claims for unjust enrichment; third, plaintiffs' claims for conversion; and fourth, plaintiffs' claims for declaratory judgment.

There are two arbitration clauses at issue. The first is Article 8.0, § 8.1 of the "RIPCPC Service Organization Agreement" that Dr. Hayden signed with RIPCPC:

> "*Arbitration* Any disputes arising during the term of this Agreement shall be addressed first through informal discussions between the parties. If the parties are unable

---

[5] The complaint additionally included claims by plaintiffs against RIPCPC for anticipatory breach/repudiation and for breach of the implied covenant of good faith and fair dealing; however, the hearing justice granted RIPCPC's motion to dismiss those claims.

to resolve the dispute through such discussions, then *any claim or controversy arising out of or relating to this Agreement, or the breach of it*, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction. Venue shall be at a location in Providence, Rhode Island as designated by RIPCPC. Notwithstanding the foregoing, this provision shall not include any claims by one party concerning the liability of the other in the context of a medical malpractice suit." (Emphasis added.)

We conclude that Dr. Hayden's claims for damages certainly fall within the bounds of the arbitration clause. Although plaintiffs contend that the claims do not arise out of Dr. Hayden's RIPCPC agreement, each of Dr. Hayden's claims quite clearly *relate to* Dr. Hayden's RIPCPC agreement and the relationship created thereby. *See Clean Harbors Environmental Services, Inc. v. 96-108 Pine Street LLC*, 286 A.3d 838, 847-48 (R.I. 2023) (holding that the language "*or relating to the Contract * * * cannot be ignored*" and that, although the "unjust-enrichment claim does not arise from the contract, it nevertheless is inextricably related to the contract"). Notably, the only exception carved out by the arbitration provision relates to medical malpractice claims. Accordingly, Dr. Hayden's claims for breach of contract, conversion, and unjust enrichment are subject to arbitration.

The second arbitration clause at issue is found in Article X, § 10.01 of the "Participating Physician Agreement" that Dr. King signed with RIPCPC and

Article X, § 10.01 of the "Participating Physician Agreement" that Dr. Corsi signed with RIPCPC. Those clauses are identical and provide:

> "The parties agree to meet informally to resolve disputes *arising under this Agreement*, prior to submitting *such disputes* to formal arbitration. Each party shall designate an individual responsible for resolving the dispute. In the event the parties are unable to satisfactorily resolve a dispute within ninety (90) days of designating an individual, the dispute shall be submitted to formal arbitration." (Emphasis added.)

Our review directs that, while one of Dr. Corsi's claims for damages falls within the bounds of the RIPCPC agreements, Dr. King's claims do not.

We begin by noting that the language employed in the arbitration clause is rather broad, pertaining simply to "disputes arising under this [a]greement[.]" In their complaint, plaintiffs allege that "RIPCPC would negotiate and enter into contracts with third party insurers on behalf of its members[,]" including plaintiffs. They further allege that, under these negotiated contracts, the insurers agreed to make certain payments to RIPCPC, which "RIPCPC agreed with its members, including [p]laintiffs, to distribute * * * amongst them based upon the members achieving certain performance criteria."

The plaintiffs' complaint includes a claim for breach of contract against RIPCPC, alleging that it "has breached, and continues to breach, *its agreements* with Dr. Hayden and Dr. Corsi by its failure to distribute Dr. Hayden's and Dr. Corsi's shares of the 2017 RIPCPC Payments to them." (Emphasis added.) The

- 10 -

complaint also includes a claim for conversion against RIPCPC, alleging that it "wrongfully converted to its own use and possession the [p]laintiffs' share of the 2017 Shared Savings."

We first address whether Dr. Corsi's claim for breach of contract is subject to arbitration. The record reveals that the RIPCPC agreements are the only contracts between RIPCPC and plaintiffs and thus create the relationship between RIPCPC and plaintiffs. It stands to reason, therefore, that the breach of contract claim alleged by Dr. Corsi against RIPCPC arises under his agreement with RIPCPC. Significantly, this Court has continuously applied a presumption in favor of arbitration. *See, e.g.*, *City of Newport v. Local 1080, International Association of Firefighters, AFL-CIO*, 54 A.3d 976, 981 (R.I. 2012) ("[T]his Court resolves doubts as to the arbitrability of disputes in favor of arbitration.").

As to the conversion claim, plaintiffs argue before this Court, as they did in Superior Court, that RIPCPC "either wrongfully converted the [shared savings] or tortiously interfered with [plaintiffs'] right to receive them." The plaintiffs indicate in their argument before this Court, however, that the RIPCPC agreements do not address plaintiffs' "rights to receive" the shared savings. Therefore, although the conversion claim "relates to" Dr. Corsi's and Dr. King's respective RIPCPC agreements and the relationships created thereby, the claim certainly does not "arise under" those agreements. Accordingly, Dr. Corsi's claim and Dr. King's

claim for conversion are not subject to the arbitration clause of their RIPCPC agreements.

Addressing plaintiffs' unjust enrichment claims, this Court has recently said that "equitable remedies are not causes of actions that generally *arise out* of contract[.]" *Clean Harbors Environmental Services, Inc.*, 286 A.3d at 847 (emphasis added). Applying the same principle here, Dr. Corsi's and Dr. King's equitable claims for unjust enrichment do not "arise under" the RIPCPC agreement. *See id.* Accordingly, Dr. Corsi's claim and Dr. King's claim for unjust enrichment are not subject to the arbitration clauses of their RIPCPC agreements.

The plaintiffs further submit that the hearing justice erred because RIPCPC has waived the right to invoke arbitration "by its activities in this litigation to date[,]" by filing a motion to dismiss the majority of claims against it, "which was heard and ruled upon prior to RIPCPC asserting any claim that these matters were subject to arbitration[.]" The plaintiffs contend that, by making various motions and filings, RIPCPC manifested a willingness to have the Superior Court "resolve the controversy." *Newman v. Valleywood Associates, Inc.*, 874 A.2d 1286, 1289 (R.I. 2005) (quoting *North Smithfield Teachers Association v. North Smithfield School Committee*, 461 A.2d 930, 934 (R.I. 1983)). The plaintiffs take issue with RIPCPC for (1) filing a motion to vacate an entry of default and enlarge time to answer; (2) filing a motion to dismiss; (3) entering into a stipulation enlarging its

time to respond to plaintiffs' first request for production; and (4) filing responses to those requests for production.

RIPCPC maintains that it has not waived its right to arbitration. RIPCPC submits that none of the events cited by plaintiffs, either individually or collectively, amount to a waiver of the right to seek arbitration. Specifically, it argues that the filing of a motion to dismiss "is a clear manifestation of a party's *unwillingness* to submit to plaintiff's claims."

Our review of the record and relevant caselaw leads us to hold that RIPCPC has not waived its right to arbitration. This Court has found arbitration to be "a desirable method of dispute resolution that has long been favored by the courts." *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 176 (R.I. 2019) (quoting *Newman*, 874 A.2d at 1289). Nevertheless, a party's right to compel arbitration may be waived if that party "manifests a willingness, if not a desire, to have the courts resolve the controversy." *Id.* (quoting *Newman*, 874 A.2d at 1289). "When determining the precise point at which a party has manifested that willingness to litigate, we are mindful that general formulations of what constitutes a waiver in a particular case are of limited usefulness, as the decision normally turns not on some mechanical act but on all of the facts of the case." *Id.* (quoting *Newman*, 874 A.2d at 1289).

After the entry of default against it, RIPCPC moved to vacate the entry of default and to enlarge time within which to answer or otherwise respond to plaintiffs' complaint. Because RIPCPC had defaulted, this action was a necessary step prior to responding to plaintiffs' complaint. *See* Super. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."). Indeed, RIPCPC thereafter raised its right to arbitrate as an affirmative defense in its answer, as is required by Rule 8(c) of the Superior Court Rules of Civil Procedure. *See CACH, LLC v. Potter*, 154 A.3d 939, 942 (R.I. 2017) (noting that "[i]t has been our consistent holding that arbitration is an affirmative defense and that 'a defending party seeking arbitration must specifically plead the right to arbitrate in its answer or the defense will be deemed waived'" (quoting *Soprano v. American Hardware Mutual Insurance Co.*, 491 A.2d 1008, 1010 (R.I. 1985))).

Furthermore, although RIPCPC entered into a stipulation enlarging its time to respond to plaintiffs' first request for production, RIPCPC did not, itself, initiate discovery. RIPCPC also did not waive its right to arbitrate by filing a motion to dismiss. *See Creative Solutions Group, Inc. v. Pentzer Corporation*, 252 F.3d 28, 33 (1st Cir. 2001) (finding no waiver where the defendant filed a motion to dismiss and a single request for production). Here, each of the steps taken by RIPCPC indicated its unwillingness "to have the courts resolve the controversy." *JHRW,*

*LLC*, 212 A.3d at 176 (quoting *Newman*, 874 A.2d at 1289); *see Creative Solutions Group, Inc.*, 252 F.3d at 33 ("It could hardly be said that 'the litigation machinery had been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated,' * * * or that [the defendant] had taken other steps inconsistent with its right to arbitration." (brackets omitted) (quoting *Jones Motor Co., Inc. v. Chauffeurs, Teamsters, and Helpers Local Union No. 633*, 671 F.2d 38, 44 (1st Cir. 1982))).

Accordingly, we conclude the following. First, we hold that the hearing justice did not err in granting RIPCPC's motion to compel arbitration with regard to Dr. Hayden's claims for breach of contract, conversion, and unjust enrichment. Second, we hold that the hearing justice did not err in granting RIPCPC's motion to compel arbitration with regard to Dr. Corsi's claim for breach of contract. Third, we hold that the hearing justice erred in granting RIPCPC's motion to compel arbitration with regard to Dr. Corsi's claims and Dr. King's claims for conversion and unjust enrichment.[6]

---

[6] The plaintiffs additionally sought a declaratory judgment under count ten. This Court has said that a "proceeding for a declaratory judgment is neither an action at law nor a suit in equity but a novel statutory proceeding[.]" *Newport Amusement Company v. Maher*, 92 R.I. 51, 53, 166 A.2d 216, 217 (1960). General Laws 1956 § 9-30-1 prescribes power to the Superior Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Furthermore, the declaratory judgment count was brought against both Integra and RIPCPC, and therefore we decline to address the arbitrability of such a claim here.

- 15 -

Due to the variety of claims at issue in this case—which involves three doctors, three RIPCPC agreements, and differing claims among said doctors—we direct the Superior Court to keep the stay in effect, but to refer Dr. Hayden's matters and Dr. Corsi's claim for breach of contract to arbitration.[7] *See Napier v. Epoch Corporation*, 971 A.2d 594, 598 (R.I. 2009) ("A stay pending arbitration is meant to avoid any complications that could arise if duplicative proceedings progressed simultaneously."); *see also* G.L. 1956 § 10-3-3 ("If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement[.]").  Pending the result of arbitration, any unresolved claims may then be addressed by the Superior Court.

---

[7] We note that our directive that the hearing justice keep the stay in effect should not bar any plaintiff from arbitrating his remaining claims against RIPCPC.

# IV

## Conclusion

For the reasons set forth herein, we affirm in part and vacate in part the order of the Superior Court. We remand the matter to the Superior Court with instruction.

Justice Goldberg did not participate.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Michael H. Hayden, D.O., et al. v. Integra Community Care Network, LLC, et al. |
| **Case Number** | No. 2021-111-Appeal.<br>(PC 19-5440) |
| **Date Opinion Filed** | April 6, 2023 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Scott F. Bielecki, Esq. |
| | For Defendants:<br><br>Greil I. Roberts, Esq. *Pro Hac Vice*<br>Richard G. Fallago, Esq. |